OPINION OF THE COURT

Per Curiam.

Final judgment entered June 24, 1982 affirmed, with $25 costs.
The subject apartment building at 11 West 82nd Street, Manhattan, containing 15 residential units, had been owned by a realty partnership consisting of three brothers and various trusts in favor of their children. In April, 1981, the partnership conveyed the property, by deed, to the individual partners as tenants in common. The conveyance was concededly made so that one of the cotenants could maintain a proceeding under subdivision B of section 54 of *631 the Code of the Rent Stabilization Association of New York City, Inc. (Rent Stabilization Code). Such a proceeding was brought against the tenant (who has occupied the apartment at issue for 19 years) in May, 1982 after the expiration of his last lease. The petition alleged that the landlords required the premises for the personal use of one of the tenants in common, and the trial court found that that co-owner sought the premises in good faith. However, the court further found that the partnership had not been dissolved, and dismissed the petition on the basis that a partnership cannot by invoking subdivision B of section 54 avoid the obligation to offer a renewal lease.
While we determine that at least as respects 11 West 82nd Street, the partnership entity was, after the transfer, nonexistent, and that the property was dealt with by the former partners solely as tenants in common, we nevertheless affirm the dismissal below. The word “owner” as used in subdivision B of section 54 of the Rent Stabilization Code means an individual or natural person only as distinct from other legal entities (Surrey v Jacobs, NYLJ, April 9, 1981, p 10, col 5; Reconstruction Syndicate v Sharpe, 186 Misc 897). Neither a corporation nor a partnership may avail itself of the privilege afforded by the Rent Stabilization Code provision (Matter of Fanelli v New York City Conciliation & Appeals Bd., 90 AD2d 756, and cases cited therein), and the same rule should govern persons who own property concurrently as tenants in common. Else, each of numerous co-owners could target and recover an apartment for his own or his family’s use, resulting in the wholesale ouster of tenants. Also, an individual landlord by the simple expedient of selling off parts of his ownership to multiple tenants in common could circumvent the entire statutory scheme relating to cooperative conversion. It could not have been intended for subdivision B of section 54 to be manipulated to accomplish these ends. Accordingly, even assuming good faith on the part of the particular cotenant for whom the apartment was sought, we hold that subdivision B of section 54 is not available to these petitioners. To the extent our earlier *632 decision in Goldman v Mudick (NYLJ, July 6, 1981, p 5, col 1) is inconsistent with the foregoing, it is no longer followed.
Dudley, P. J., Riccobono and Sullivan, JJ., concur.