OPINION OF THE COURT
Charles E. Ramos, J.
The petitioner landlord seeks to evict the respondent tenant from the subject rent-stabilized apartment as a holdover, on the ground that the petitioner is not required to offer the respondent a renewal lease because one of the partners (the petitioner is a partnership) desires the apartment for his own use.
The respondent opposes eviction on the ground that the petitioner, as a partnership, may not maintain such a proceeding. Rather the respondent contends only an owner who owns in the name of one individual may be a proper party petitioner. The respondent seeks a dismissal on this basis.
The case of Beer v Walters (118 Misc 2d 630 [App Term, 1st Dept 1983]) is relied upon by the respondent as setting forth grounds requiring dismissal.
In Beer (supra), the Appellate Term held that a partnership could not avail itself of the right to evict on the ground that the apartment was sought for owner occupancy. The Appellate Term stated that neither a partnership, corporation nor co-owner could evict on the ground that the apartment was to be occupied by the owner because: “each of numerous co-owners could target and recover an apartment for his own or his family’s use, resulting in the wholesale ouster of tenants. Also, an individual *788 landlord by the simple expedient of selling off parts of his ownership to multiple tenants in common could circumvent the entire statutory scheme relating to co-operative conversion. It could not have been intended for subdivision B of section 54 to be manipulated to accomplish these ends” (p 631).
The Legislature thereafter provided for limitations on the right to evict for owner occupancy, but clearly reestablished the right of an owner, individual or not, to recover an apartment. The Omnibus Housing Act of 1983 (L 1983, ch 403) amended the Rent Stabilization Law (Administrative Code of City of New York § YY51-1.0 et seq.) as follows:
Section YY51-6.0 (c):
“(9) * * * [A]n owner shall not refuse to renew a lease except * * *
“(b) where he seeks to recover possession of one or more dwelling units for his own personal use and occupancy as his primary residence in the city of New York * * * [t]he provisions of this subparagraph (b) shall only permit one of the individual owners of any building to recover possession of one or more dwelling units for his own personal use”.
The clear intent of the Legislature was to remedy the potential harm if multiple owners were given the right to evict tenants, while at the same time preserving to the owner the right to acquire apartments, but limited that right to one of the owners only.
Notwithstanding the clear intent to permit one of multiple owners to proceed to evict, what of a partnership as a petitioner? The statute permits one of the individual owners to recover possession. Is a partner of a partnership landlord a person who qualifies as an “individual owner” for whose benefit a renewal lease may be refused?
From a regulatory standpoint, surely a partner is an owner. But there is no definition of owner in any of the rent regulations that would sustain either definition urged by the parties hereto. When reference is made to the Partnership Law, however, the answer is clear.
Partnership Law § 51 provides: “1. A partner is co-owner with his partners of specific partnership property holding as a tenant in partnership.”
As a co-owner, any one of the partners of the petitioner may exercise the rights granted by Rent Stabilization Law § YY516.0 (c) (9). The sole issue to be determined will be the partner’s *789 good-faith intention to use the subject apartment as his primary residence in the City of New York.
Accordingly, the partner of the petitioner is an “individual owner” for whose benefit the petitioner partnership may refuse to renew a lease and thereafter recover possession.
The respondent’s motion to dismiss is denied.