OPINION OF THE COURT
John A. Milano, J.
ISSUE
The issue raised on this pretrial motion is whether the instant case is within the spirit of Code of the Rent Stabilization Association of New York City, Inc. § 54 (B) (Rent Stabilization Code) that is, by “personal use”, does the statute intend strictly residential use or can it be interpreted to include medical reasons? The novel question presented is whether a landlord who presently occupies one apartment in the premises and whose son occupies another apartment in the premises may seek the use and occupancy of a third apartment in order to provide room for nurses, pursuant to Laws of 1983 (ch 403, § 50) amending the Administrative Code of the City of New York?
FACTS
The respondent tenant has occupied apartment 2R at premises located at 47-36 Vernon Boulevard, Long Island City, County of Queens, since July 1,1977. The apartment building in question is a legal six-apartment unit which is subject to the Rent Stabilization Code of the City of New York. The subject premises is a three-story building with two apartments located on each floor. The petitioner landlord presently occupies apartment 1L. The petitioner’s son, who is a quadriplegic and totally *182 disabled, resides in apartment 1R The respondent tenant lives directly above the petitioner’s son. Apartment 2L is rented pursuant to a recent lease renewal. Apartment 3R is presently occupied and apartment 3L is presently vacant. Petitioner is asserting her right not to offer respondent a renewal lease on the grounds specified in Rent Stabilization Code § 54 (B), i.e., that she seeks the apartment in good faith for the use of her immediate family and invalid son, by making respondent’s apartment 2R her primary residence so as to live directly above her son in 1R and utilizing 1L for the use of nurses required for the care of her son.
CONTENTION OF RESPONDENT
Respondent submits that section 54 (B) is not applicable to this petitioner because petitioner requires use of respondent’s apartment for reasons other than those permitted by 54 (B); that the law is clearly intended to protect tenants against unfair and arbitrary refusals by owners to renew their leases; that even assuming good faith and medical necessity as claimed, the case still lacks the requisite circumstances allowing it to fall within the scope of section 54 (B), which requires that an apartment being sought by the owner be used as a “primary residence” by the owner or a “member of his immediate family”; that the petitioner presently occupies an apartment in the subject building as her primary residence and the son another.
CONTENTION OF PETITIONER
Petitioner contends that the issue in this proceeding is not whether there poses a compelling medical necessity but whether the court has the authority to evict a rent-stabilized tenant based upon the landlord’s claim that he needs the apartment for his own use and occupancy or a member of his immediate family even though the landlord already resides in one apartment in the building; that the statute under which this present proceeding is commenced does not restrict an owner from obtaining more than one apartment in the subject premises for his own use or the use of his immediate family even though the statute restricts this practice to only one of the owners. Petitioner’s attorney submits that the petitioner owner seeks to occupy apartment 2R which is directly above the son’s present aparta ment for her own use and occupancy. She then intends to use apartment 1L which is the apartment she presently occupies and which she will vacate in order to use 1L for additional space for therapeutic equipment, storage, exercise room and one bedroom for nursing personnel; that there is no limit to the number of apartments that a single owner can take as long as that *183 apartment is for the use and occupancy of that single owner or a member of his immediate family.
CONTENTION OF RESPONDENT
Respondent’s attorney argues that Rent Stabilization Code § 54 (B) is not applicable to this petitioner because petitioner requires the use of the subject apartment for reasons other than those permitted by section 54 (B); that this court does not have the power to evict a tenant under this section and then allow nurses or other third parties who are not members of the owner’s immediate family to occupy that apartment; that if the court granted the eviction and the landlord moved into the tenant’s present apartment and the nursing personnel and other equipment was moved into the landlord’s present apartment, that there would be no control over the three-year restriction set forth in the statute; that the apartment can only be used for primary residence for the owner as well as a member of her immediate family and for no other purpose medical or otherwise; that this law is clearly intended to protect tenants against unfair and arbitrary refusals by owners to renew their leases; that assuming good faith and medical necessity as claimed, the case still lacks the requisite circumstances allowing it to fall within the scope of section 54 (B) as a matter of law.
ANALYSIS AND CONSTRUCTION
Laws of 1983 (ch 403, § 50), which amended Administrative Code of the City of New York § YY51-6.0 (c) (9), reads in pertinent part, as follows:
“an owner shall not refuse to renew a lease except * * *
“(b) where he seeks to recover possession of one or more dwelling units for his own personal use and occupancy as his primary residence * * * and/or for the use and occupancy of a member of his immediate family as his primary residence in the city of New York * * * The provisions of this subparagraph (b) shall only permit one of the individual owners of any building to recover possession of one or more dwelling units for his own personal use and/or for that of his immediate family. Any dwelling unit recovered by an owner pursuant to this subparagraph shall not for a period of three years be rented, leased, subleased or assigned to any person other than a person for whose benefit recovery of the dwelling unit is permitted pursuant to this subparagraph or to the tenant in occupancy at the time of recovery under the same terms as the original lease * * * Any such rental, lease, sublease or assignment during such period to any other person may be subject to a penalty of a *184 forfeiture of the right to any increases in residential rents in such building for a period of three years”.
In essence, the statute permits recovery by an owner and/or a member of the immediate family of a residential accommodation presently occupied by a rent-stabilized tenant, for his personal use and as a primary residence. In addition, it restricts this exception to include only one of the individual owners and/or his immediate family. The petitioner’s son presently occupies apartment 1R as his primary residence. The petitioner owner presently occupies apartment 1L as her primary residence. The question to be addressed is whether she can also recover apartment 2R occupied by the tenant respondent and then utilize apartment 1L for purposes such as nurses’ quarters and storage facilities.
The court construes the said statute as permitting only one owner to obtain no more than one accommodation in a building he owns as his primary residence and also permitting the same owner to obtain more than one accommodation for members of his immediate family for their personal use and to be used as their primary residence. In other words, the qualified owner is restricted to only one accommodation while there is no restriction as to the number of additional units for members of his immediate family. Prior to the passage of the Omnibus Housing Act in 1983 (L 1983, ch 403), a rent-stabilized apartment building which was owned by several individual owners was subject to each individual owner seeking various apartments for his own personal use. The Legislature’s intent in amending the statute was to prevent these manipulations and to prevent the circumvention of the entire statutory scheme which was designed to effectuate a balance between owners opting for accommodations and tenants protected by the rent stabilization laws. In the instant case, it is clear that personal use cannot be construed to mean or to include medical necessity, use of accommodations for nurses’ quarters and storage space or space for therapeutic facilities as requested by the petitioner. Furthermore, the predicate requirement of primary residence attaches. The petitioner as well as the petitioner’s son already occupy two apartments in the said premises. But section 54 (B) of the Rent Stabilization Code requires that the apartment being sought by . the owner or a member of his immediate family be used as a “primary residence” (Beer v Walters, 118 Misc 2d 630 [App Term, 1st Dept 1983]; Henrock Realty Corp. v Tuck, 52 AD2d 871 [2d Dept 1976]). The exception created by section 54 (B) is clearly defined on the face of the statute. Exclusion of a tenant from possession runs counter to the purpose of the rent laws. *185 Hence, the exception created by section 54 (B) is properly strictly construed. (Matter of Sommer v New York City Conciliation & Appeals Bd., 93 AD2d 481, 483 [1st Dept 1983].)
A careful reading of the statute in regard to legislative intent leaves no other interpretation possible. This conclusion is further buttressed by the sanctions and forfeitures provided by the failure of the petitioner or member of the immediate family to “reside” in the subject premises for a period of three years. For all of the above reasons, this court, on the facts submitted, and as a matter of law, must dismiss the petition on this pretrial motion. However, there is another ample reason to deny the petitioner owner relief herein. Apartment 3R, directly above the petitioner son’s apartment, is presently vacant and may be occupied by the petitioner and in so doing, permit apartment 1L to be utilized for the purposes hereinbefore stated. Petitioner may be required to make application to the Division of Housing and Community Renewal for withdrawal of 1L from the rental market. This court is extremely sympathetic to the plight of the petitioner and her family but section 54 (B) was not intended by the Legislature to be used to accomplish petitioner’s ends as stated.
CONCLUSION
Accordingly, the motion of the respondent tenant to dismiss the petition as a matter of law on the facts submitted is granted.