■ In the Matter of CATALINA LOPEZ, Appellant, v MANUEL MIRABEL, as Deputy Commissioner, Office of Rent Administration, New York State Division of Housing and Community Renewal, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated September 17, 1984, which denied the petitioner's application for a certificate of eviction, the petitioner appeals from a judgment of the Supreme Court, Kings County (Lodato, J.), entered April 2, 1985, which dismissed the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner purchased the subject premises on February 16, 1982. At that time there was a tenant in possession who had resided there for more than 20 years. When the petitioner bought the building, she wanted to occupy the entire building for herself, her handicapped son who is confined to a wheelchair, and her daughter and son-in-law who would aid her in the care of her son.

The petitioner filed an application on July 26, 1982 seeking a certificate of eviction of the tenant pursuant to the Administrative Code of the City of New York former § Y51-6.0 (b) (1) (now § 26-408 [b] [1]). At that time a landlord could obtain such a certificate of eviction if, in good faith, she could establish the need for the use of the apartment by herself and her family. On April 8, 1983, the District Rent Director, after a hearing, granted the certificate of eviction but stayed the eviction for three months.

The tenant filed a timely protest of this decision, which triggered an administrative review of the decision by the District Rent Director. This administrative process was concluded in December 1983 and decision was reserved. On June 19, 1984, the Administrative Code former § Y51-6.0 (b) (1) (now § 26-408 [b] [1]) was amended by Laws of 1984 (ch 234) to bar its application if the tenant is 62 years of age or older, has been a tenant for 20 years or more, or who has certain medically demonstrable impairments. On September 17, 1984, the respondent, acting upon this change in the law, reversed the decision of the District Director and "vacated and set aside" the certificate of eviction.

Rent control is a valid exercise of police power by a State and does not constitute an unconstitutional taking of property *(Brown Holding Co. v Feldman,* 256 US 170; *Teeval Co. v*

*Stern,* 301 NY 346, *cert denied* 340 US 876). The petitioner's contentions that the change effected by the amendment (L 1984, ch 234) should not apply in this case are without merit. By its terms (L 1984, ch 234, § 4), it took effect immediately and applies to any tenant in possession at or after it takes effect, regardless of whether the landlord's application for an order took place before the effective date, June 19, 1984 *(see also, Matter of Guerriera v Joy,* 64 NY2d 747; *Matter of Mucskova v Commissioner of Dept. of Hous. Preservation & Dev. of City of N. Y.,* 105 AD2d 787). Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.