OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, and the matter remitted to the respondent Commissioner.
The trial court’s reliance on Beer v Walters (118 Misc 2d 630) was misplaced, because Beer is not applicable to either tenants in common or rent-controlled situations.
The matter must be remitted, however, because the Laws of 1984 (ch 234) added the requirement that an owner seeking to recover an apartment for personal use prove an immediate and compelling necessity for it and he has not yet done so. Chapter 234 became effective on June 19, 1984, and was *975 expressly made applicable to any tenant in possession at or after the time it took effect, "regardless of whether the landlord’s application for an order [to permit recovery of an apartment] took place before this act shall have taken effect” (L 1984, ch 234, § 4). Inasmuch as the Commissioner’s determination that the landlord was entitled to possession preceded enactment of the statute, the landlord has not established compliance with its provisions. Accordingly, the matter should be remitted to the respondent Commissioner in order to determine the landlord’s present entitlement to a certificate of eviction.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, without costs, and matter remitted to Supreme Court, New York County, with directions to remand to respondent Commissioner for further proceedings in accordance with the memorandum herein.