■ In the Matter of GILDA LAVALLE, Respondent, v YVONNE

SCRUGGS-LEFTWICH, as Commissioner of the New York State Division of Housing and Community Renewal, Appellant, et al., Respondent.—Order of the Supreme Court, New York County (Louis Grossman, J.), entered May 20, 1986, which granted the petition of Gilda Lavalle to the extent of annulling as arbitrary and capricious a determination of respondent State Division of Housing and Community Renewal (DHCR), dated October 10, 1984, finding that respondent tenant Elmars Jurjevics qualified for eviction-exempt status pursuant to section Y51-6.0 (b) (1) of the Administrative Code of the City of New York as amended by Laws of 1984 (ch 234), and which remitted the matter to respondent DHCR for further proceedings, unanimously reversed, on the law, respondent DHCR's determination is reinstated, and the petition denied and dismissed, without costs.

In August 1983, petitioner landlord was granted a certificate of eviction entitling her to recover for her personal use and occupancy possession of premises occupied by respondent tenant. The tenant thereafter filed a protest to the certificate of eviction with respondent New York State Division of Housing and Community Renewal. While the tenant's appeal was pending before DHCR, the Legislature enacted Laws of 1984 (ch 234), amending section Y51-6.0 (b) (1) of the Administrative Code of the City of New York. As is here relevant, the amendment barred issuance of a certificate of eviction entitling an owner to regain possession of premises for his or her own personal use and occupancy "where a member of the household lawfully occupying the housing accommodation * * * has been a tenant in a housing accommodation in that building for twenty years or more". The amendment further provided: "This act shall take effect immediately and shall apply to any tenant in possession at or after the time it takes effect, regardless of whether the landlord's application for an order, refusal to renew a lease or refusal to extend or renew a tenancy took place before this act shall have taken effect". (L 1984, ch 234, § 4.)

In October 1984, respondent DHCR granted the tenant's administrative appeal based upon its finding that upon the effective date of the above-cited amendment, the tenant had been in possession of the subject apartment for at least 20 years, and that he, therefore, came within the amendment's *protective* scope.

On CPLR article 78 review, Special Term annulled the determination of DHCR and remanded for further proceedings. The court ruled that in computing the 20-year period

from the time of the administrative appeal determination rather than from the date the landlord filed her application for a certificate of eviction, DHCR had employed an arbitrary and capricious interpretation of the amendment. We see no basis whatsoever for this conclusion. Indeed, the amendment does not easily permit of any interpretation other than the one adopted by DHCR in deciding respondent tenant's appeal.

By its express terms the amendment, upon enactment, was to apply to any tenant lawfully in possession for 20 years or more, regardless of whether there had been a prior application for a certificate of eviction. Computation of the 20-year period in the manner suggested by Special Term effectively rewrites the amendment to limit its application to tenants in possession for 20 years, not as of the effective date of the legislation, but as of the time of landlord's application for a certificate of eviction.

Clearly, this reading is at odds not only with the amendment's plain language, but with its remedial purpose. The Legislature plainly provided that the protective scope of the amendment was not to be limited by applications made by the landlord prior to the law's enactment, as long as the tenant remained in possession once the law took effect. As is evident both from the wording of the amendment and the accompanying legislative memoranda, the goals of the amendment were to prevent landlord abuse of "personal use actions" and to save long-term, elderly, and disabled tenants—specially vulnerable groups—from the severe hardships caused by eviction when the only predicate therefor was the owner's desire to use the premises personally. Legislation to accomplish remedial ends such as these should be interpreted liberally so as to give full effect to the salutary legislative purpose. (See, McKinney's Cons Laws of NY, Book 1, Statutes § 321.) Assuming that there is much latitude for interpretation of the subject amendment, at best a doubtful proposition, there would seem no way, consistent with a liberal reading, that respondent tenant who remained in possession of the subject premises after the amendment's effective date and had, as of that time lived there for over 20 years, could be evicted in a "personal use action".

As we are of the view that the amendment was not only properly interpreted and applied, but that DHCR did so in the only way reasonable given the amendment's language and purpose, it follows, a fortiori, that DHCR's administrative determination was rationally based and must be reinstated. (See, Matter of Fazio v Joy, 58 NY2d 674; Matter of Colton v

*Berman,* 21 NY2d 322.) DHCR correctly applied the law as it existed at the time of its determination of the administrative appeal *(see, Post v 120 E. End Ave. Corp.,* 62 NY2d 19; *Matter of Asman v Ambach,* 64 NY2d 989). And although there was some delay in the processing of the appeal, there has been no showing that the delay was deliberate *(contrast, Matter of Amsterdam-Manhattan Assocs. v Joy,* 42 NY2d 941). Nor does it appear, considering the circumstances during the period in question, which included DHCR's assumption of responsibility for rent control matters formerly handled by the New York City Office of Rent Control, that the delay was unreasonable as a matter of law so as to equitably preclude application of the June 1984 amendment.

Finally, we reject petitioner's challenge to the constitutionality of the amendment. The limitations imposed by the Legislature upon a landlord's right to oust a tenant from possession in order to make personal use of the premises constitute entirely reasonable means to promote a legitimate public purpose. The subject amendment, therefore, represents a wholly unobjectionable exercise of the State's police power. *(See, e.g., Matter of Lopez v Mirabel,* 127 AD2d 770; *Budhu v Grasso,* 125 Misc 2d 284.) Concur—Murphy, P. J., Ross, Asch, Milonas and Smith, JJ.