In the Matter of FRANK MCMURRAY, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents.

First Department, February 18, 1988

APPEARANCES OF COUNSEL

*Robert J. Kaplan* for appellant.

*Daniel E. Koenig* of counsel *(Dennis B. Hasher,* attorney), for State respondents.

*Steven B. Sperber* of counsel *(Lindenbaum & Young, P. C.,* attorneys), for George Wild and another, respondents.

## OPINION OF THE COURT

SULLIVAN, J.

The New York City Rent and Rehabilitation Law as well as its implementing regulations provide for the issuance of a certificate of eviction where a landlord seeks in good faith to recover a housing accommodation for his own personal use and occupancy or that of his immediate family because of immediate and compelling necessity, provided, however, that the tenant is not otherwise protected. In 1984, the Legislature amended the rent control law (L 1984, ch 234, § 1) to exempt from such eviction senior citizens and long-term and disabled tenants.

In his May 23, 1986 opinion, the Deputy Commissioner for Rent Administration ruled that the landlords of the subject housing accommodation had established the requisite good faith and necessity and, on the basis of a finding that the tenant could not have moved into the accommodation on a permanent basis until the spring of 1967, at the earliest, that the tenant was not protected from eviction as a 20-year resident. The tenant commenced this CPLR article 78 proceeding challenging the issuance of the certificate of eviction. The court hearing the matter dismissed the petition and granted the landlords' cross motion to toll the statutory provision protecting from eviction tenants occupying a housing accommodation for 20 years or more. This appeal ensued.

Our disagreement with our dissenting brother revolves around the fact that subsequent to the entry of the judgment from which this appeal is taken, the tenant accumulated the requisite 20 years of occupancy to qualify him for protection from eviction. Laws of 1984 (ch 234, § 1) amended section Y51-6.0 (b) (1) (now renum § 26-408 [b] [1]) of the Administrative Code of the City of New York, *inter alia,* to exempt from eviction in a proceeding to recover possession of a housing accommodation for a landlord's own personal use and occupancy or that of his immediate family tenancies in which "a

member of the household lawfully occupying the housing accommodation * * * has been a tenant in a housing accommodation in that building for twenty years or more".

The landlords' application for a certificate of eviction has a long and tortured administrative history. The original application, filed on May 27, 1983, was denied for failure to prove an immediate and compelling necessity. On June 7, 1984, on administrative appeal, the Deputy Commissioner for Rent Control held that the immediate and compelling necessity requirement was inapplicable under the law then in effect, since the building contained less than 13 units. Accordingly, he remanded the proceeding to the District Rent Director for a finding on the issue of good faith. After a hearing, the District Rent Director, on May 29, 1985, accepting the Hearing Officer's finding of good faith and following his recommendation, granted the certificate of eviction. The tenant filed an administrative appeal on July 1, 1985.

While the proceeding had been in remand, Laws of 1984 (ch 234), which had also amended section Y51-6.0 of the Administrative Code to require that landlords of all rent-controlled accommodations seeking certificates of eviction for their personal use and occupancy establish an immediate and compelling necessity, as well as good faith, had been enacted. The District Director, however, had failed to consider the effect of the new legislation in issuing his determination, and, as a result, the Deputy Commissioner, on administrative appeal, held two hearings, de novo: one to determine good faith and immediate and compelling necessity; the other, to consider whether the tenant fell into one of the exempt categories, since he had claimed that he resided at the subject premises for over 20 years and was unable to work as a result of a physical disability. The Commissioner upheld the grant of the certificate and rejected the tenant's claim of exemption, finding that he had not suffered the requisite physical impairment and that he had not resided in the apartment for 20 years. After his request for reconsideration was denied, the tenant commenced this proceeding.

In the course of the second hearing on administrative appeal, the tenant testified that he had moved into the subject accommodation with his future wife's family in March of 1966, prior to their marriage; that he continued to reside at the premises after he and his wife were married in November 1966; that his wife's family moved out after the tenant's daughter was born in May 1967; and that he took over the

lease for the apartment on August 1, 1967. Two long-time residents of the subject building, however, disputed the tenant's claim that he had moved into the apartment in 1966. On the basis of the evidence before him, the Deputy Commissioner, as already noted, found that the earliest the tenant could have moved into the subject accommodation on a permanent basis was in the spring of 1967. On this appeal, the Commissioner, while otherwise defending his findings, takes the position that the tenant is protected from eviction, inasmuch as it appears that he has now occupied the apartment for 20 years or more.

The protection afforded by Laws of 1984 (ch 234) to, *inter alia*, long-term tenants of rent-controlled apartments is a tacit recognition of the devastating impact that evictions can have on such tenants and their communities. As the New York Assembly memorandum in support of the legislation explained: "In the present housing market, renting a new apartment can be financially devastating to a person on a retirement or limited income. Yet, these people are often singled out by landlords for eviction because they often have been in the apartment for many years and thus pay lower rents." (1984 NY Legis Ann, at 109.) The Budget Report on Bills, contained in the Governor's Bill Jacket (A-3586-B) also noted that long-term tenants, "by virtue of their longevity, have become an integral part of their community and have not violated their obligations to the landlord * * * [and] should [therefore] be afforded protection from eviction since forcing them out of their housing accommodations after 20 years could have a devastating effect on them and their community."

The constitutionality of the statutory protection against eviction afforded to 20-year residents has been repeatedly upheld. *(See, e.g., Matter of Lavalle v Scruggs-Leftwich,* 133 AD2d 313; *Matter of Lopez v Mirabel,* 127 AD2d 771; *see also, Matter of Guerriera v Joy,* 64 NY2d 747.) Moreover, the statute is clearly remedial in nature. *(Matter of Lavalle v Scruggs-Leftwich, supra,* 133 AD2d, at 315.) As part of the 1984 amendments, section 4 of chapter 234 provided: "This act shall take effect immediately and shall apply to any tenant in possession at or after the time it takes effect, regardless of whether the landlord's application for an order, refusal to renew a lease or refusal to extend or renew a tenancy took place before this act shall have taken effect."

Remedial statutes are to be literally construed to carry out

the reform intended and to spread their beneficial results as widely as possible. *(Post v 120 E. End Ave. Corp.,* 62 NY2d 19, 24; McKinney's Cons Laws of NY, Book 1, Statutes § 321.) In *Matter of Sommer v New York City Conciliation & Appeals Bd.* (93 AD2d 481, 485-486, *affd* 61 NY2d 973), this court noted that provisions affording protections to tenants are to be liberally construed as implementing the purposes for which the rent laws were enacted while provisions excluding a tenant from possession were to be strictly construed as running counter to the purpose of the rent laws. In *Matter of Lavalle v Scruggs-Leftwich* (133 AD2d 313, *supra),* this court, in rejecting the argument that the 20-year period under chapter 234 was to be computed as of the time of the landlord's application, had occasion to note, "Assuming that there is much latitude for interpretation of the subject amendment, at best a doubtful proposition, there would seem no way, consistent with a liberal reading, that respondent tenant who remained in possession of the subject premises after the amendment's effective date and had, as of that time lived there for over 20 years, could be evicted in a 'personal use action' " *(supra,* at 315).

The language of section 4 of chapter 234, which applies "to any tenant in possession at or after the time [the act] takes effect", makes it clear that the Legislature intended the 20-year rule to be applied whenever a tenant in possession reaches the 20-year milestone. In *Matter of Cirella v Joy* (69 NY2d 973), the Court of Appeals remanded the matter to the Commissioner to determine "the landlord's present entitlement to a certificate of eviction" *(supra,* at 975), despite a previous determination that the landlord was entitled to the certificate. The 1984 amendments, which became effective after the issuance of the certificate, had added the requirement that a landlord also prove an immediate and compelling necessity, an element the landlord obviously did not need to establish on her initial application. In remanding, the court noted that the amendment "was expressly made applicable to any tenant in possession at or after the time it took effect" *(supra,* at 974-975). The inference to be drawn is that if at any stage of the appeal process a tenant is lawfully in possession, he is entitled to the beneficial aspects of the statute. Thus, absent a showing of dilatory tactics exemplifying bad faith on his part, a tenant still in possession who challenges the issuance of a certificate of eviction is entitled to the statutory exemption even though the 20-year anniversary occurred after

the issuance of the certificate. *(See, Vitaliotis v Mossesso,* 130 Misc 2d 141.)

Although, as already noted, the Deputy Commissioner ruled against the tenant on his long-term tenancy claim, finding that he had not resided in the premises for the requisite 20 years, he now urges that the tenant is entitled to the statutory protection since, subsequent to the issuance of the certificate, he has reached that milestone while still in possession. Where the question involves the specific application of a broad statutory term, the construction placed upon the statute and its implementing regulations by the agency charged with the responsibility for administering its provisions is entitled to great weight. *(Matter of Mounting & Finishing Co. v McGoldrick,* 294 NY 104, 108; *White v Winchester Club,* 315 US 32, 41.)* Indeed, in such circumstances, the administrator's view has been called "determinately persuasive". *(United States v Hammers,* 221 US 220, 228-229; *Bowles v Seminole Rock Co.,* 325 US 410; *Matter of Plaza Mgt. Co. v City Rent Agency,* 48 AD2d 129, *affd* 37 NY2d 837.)

Since the statutory requirement that tenants targeted for eviction for the landlord's personal use be residents for less than 20 years is expressly made a condition precedent to the grant of such relief, the requirement cannot be tolled. The protection against eviction afforded by chapter 234 to certain residents of rent-controlled premises is not a Statute of Limitations; rather it was incorporated into a statute creating a limited right to evict rent-controlled tenants as a condition precedent to the maintenance of such a proceeding. Chapter 234 specifically abolished the right to maintain an eviction proceeding whenever a tenant falls within one of the protected categories, by providing that in such cases the subdivision permitting eviction for personal use "shall not apply". Tolling the lapse of time, whether for age or length of tenancy, is inconsistent with the statutory language and purpose of chapter 234. Thus, the motion court erred in treating the 20-year requirement as a Statute of Limitations and tolling the passage of time. *(Savino v Demiglia,* 128 AD2d 858; *Kahn v Trans World Airlines,* 82 AD2d 696.)

Nor should the tenant be denied the benefit of the exemption because of delay. The record shows that the landlords, a husband and wife who were tenants in the adjoining building, originally filed the application in 1983 on the basis of a need to be in close proximity to the husband's ailing mother, who lived in the subject building. Since the latter died in late 1985,

however, the basis of the original application had become moot. Nevertheless, the Commissioner continued to process the application, since the landlords informed the agency in November 1985 that, in the intervening period, conditions in the adjoining building where they were residing had become intolerable. The Commissioner then held the two hearings, the first in January 1986, and the other in April 1986, and promptly issued a detailed, comprehensive ruling in May 1986. The tenant thereafter timely commenced this proceeding challenging the Commissioner's order, and then promptly perfected this appeal.

In enacting chapter 234, and providing that it was to apply to any tenant in possession regardless of whether the landlord's application had been filed before the act took effect, the Legislature implicitly acknowledged its awareness that applications for certificates of eviction are not always determined expeditiously. Considering the circumstances at bar, it cannot be said that the tenant delayed resolution of this matter so that, in fairness, he should be deprived of the protection of chapter 234. *(See, Matter of Lavalle v Scruggs-Leftwich,* 133 AD2d 313, *supra.)* Nor, for that matter, has the agency acted in a lax fashion.

Accordingly, since the tenant is entitled to the protection of chapter 234 by virtue of his 20-year tenancy, the order and judgment (one paper) of the Supreme Court, New York County (Burton S. Sherman, J.), entered March 27, 1987, should be reversed, on the law, without costs or disbursements, the petition granted and the certificate of eviction vacated.

SANDLER, J. (dissenting). The facts, procedural history, relevant legal authorities and controlling statute are set forth comprehensively and clearly in Justice Sullivan's opinion. I agree with almost everything that is set forth in his opinion, and as to that with which I disagree, which presents the dispositive issue on this appeal, I agree that the opinion presents a persuasive analysis supporting the result reached. Nonetheless, on balance, I have come to think that the alternative interpretation of the statute is more probably correct.

The controlling statutory provision (Administrative Code of City of New York § Y51-6.0 [b] [1], as amended by L 1984, ch 234, § 1) provides, in relevant part, as follows:

"The city rent agency shall issue * * * an order [granting a certificate of eviction] whenever it finds that:

"The landlord seeks in good faith to recover possession of a

housing accommodation because of immediate and compelling necessity for his own personal use and occupancy or for the use and occupancy of his immediate family provided, however, that this subdivision shall not apply where a member of the household lawfully occupying the housing accommodation is sixty-two years of age or older, has been a tenant in a housing accommodation in that building for twenty years or more, or has an impairment which results from anatomical, physiological or psychological conditions, other than addiction to alcohol, gambling, or any controlled substance, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques, and which are expected to be permanent and which prevent the tenant from engaging in any substantial gainful employment."

The issue presented is whether an order granting a certificate of eviction validly issued under the authority of the above section, and issued at a time when a tenant did not come within any specific exemption, and after administrative appellate procedures had been exhausted, should be vacated because the passage of time during judicial proceedings commenced by a tenant to invalidate the order has brought the tenant within one of the listed exemptions.

What is immediately apparent from an analysis of the section is that it is entirely concerned with defining the circumstances under which the city rent agency shall issue a certificate of eviction. Nothing whatever is said about the legal consequences of the passage of time subsequent to the appropriate issuance of a certificate of eviction that brings a tenant within an exemption not applicable to him at the time the city rent agency made its final determination. This omission seems to me significant.

The agency itself has concluded that the intended remedial purposes of the amendment that introduced the exemptions would best be served by allowing the exemption to become effective after the issuance of the certificate and during the course of court proceedings that have not yet resulted in a final judgment of eviction. Recognizing the deference appropriately given to the agency's interpretation of a statute with which in its practical effects it is most familiar, I am not persuaded that the interpretation of the statute which it has adopted, and which finds no support in the language of the statute, in fact furthers the purposes of the statute.

On the contrary, it seems to me clearly to alter the clear

meaning of that which is set forth in the statute because in reality it brings within the exemption tenants not in fact embraced in the exemption, and who, as in this case, were tenants for some time less than that contemplated by the statute. The extent to which it abbreviates the time within which a tenant may be eligible for the exemption is indeterminate, but experience suggests that it may be a very considerable time indeed, depending on such circumstances as court congestion, the attitude of individual Judges to the problem presented, and the ingenuity of counsel in protracting judicial proceedings that were in fact legally without merit at the time they were commenced.

Moreover, it presents an unusual and awkward situation for courts concerned with reviewing the legality of an administrative action that was in fact correct at the time it was taken. It is not difficult to envisage a situation in which an appeal is taken from a Trial Term order correctly sustaining the issuance of a certificate of eviction where tenant's counsel has quite sensibly taken advantage of every possibility for delaying the determination of the appeal, hoping that time will bring his client within an exemption, and in which this court is about to sustain the trial court's determination, and learns either by letter or telephone that time has brought the tenant within the exemption.

It seems to me unlikely that the Legislature intended to provide tenants in the described situation with so powerful a motivation for commencing meritless judicial proceedings, and for delaying their ultimate determination. If indeed such an unusual result were contemplated, it does not seem unreasonable to suppose that the Legislature would have addressed the issue directly rather than set forth the exemptions within the context of a direction to the city rent agency. Nor do I think the problem presented by the construction accepted by the agency can be addressed realistically through independent determinations by the court in each case as to whether the legal challenge to the agency's action had a colorable basis at the time it was undertaken.

I am not persuaded that the Court of Appeals decision in *Matter of Guerriera v Joy* (64 NY2d 747), relied on by the agency, and in *Matter of Cirella v Joy* (69 NY2d 973) cited in Justice Sullivan's opinion, provide any meaningful support for the interpretation of the statute adopted by the agency and accepted in Justice Sullivan's opinion.

In both *Guerriera* and *Cirella (supra),* the Court of Appeals was presented with a challenge to agency actions that occurred prior to the passage of statutory provisions intended to apply to all tenants still in possession and the effect of which the agency had not had an opportunity to consider in making the determinations in issue. In this case, we are confronted with an agency determination made at a time the relevant statute was in effect, and which, as we are agreed, was in accord with the applicable statute as it was then, and as it is now. I do not believe that the decisions in *Guerriera* and *Cirella,* either as a matter of logic or policy, buttress a conclusion that rests on a misinterpretation of the plain meaning of the relevant statute, and that invites tenants to seek judicial relief on meritless grounds from administrative determinations that were clearly correct when made, further invites tenants to appeal from clearly correct trial court determinations, and encourages tenants to avail themselves of every possible means of delay throughout the judicial process in the hope that the passage of time might bring them within one or more of the several statutory exemptions before entry of a final judgment.

Let me make it clear that I do not believe the foregoing analysis applies to the final exemption set forth in the statute, which occurs where the tenant has suffered an impairment, expected to be permanent, that prevents him from engaging in any substantial gainful employment. If, subsequent to the issuance of a certificate of eviction, such a condition should develop—a condition that could not have been anticipated at the time of the administrative proceedings, and that could not have motivated the tenant to seek judicial review in the hope that the passage of time during judicial proceedings would bring the tenant within an exemption—it would seem to me the clear obligation of the agency, on an appropriate showing, to reopen the matter administratively in an effort to determine whether the claimed condition brings the tenant within the impairment exemption.

Although not precisely analogous, the situation presented by a claim following a certificate of eviction that the tenant has sustained the described impairment would be comparable to that presented if it should develop following the issuance of a certificate that the landlord and his family, notwithstanding their prior claim of "immediate and compelling necessity" for occupancy of the tenant's apartment, had in fact secured alternative residential accommodations. Both situations would

call for further administrative hearings to resolve the factual issues presented, and would present no issue of law to the courts except to the extent to which it was alleged in appropriate form that the agency had failed to discharge its obligations.

Accordingly, the order and judgment of the Supreme Court, New York County (Burton Sherman, J.), entered March 27, 1987, dismissing the petition in a CPLR article 78 proceeding seeking to vacate a determination of the New York State Division of Housing and Community Renewal granting an application for a certificate of eviction, and also granting a cross motion for an order tolling the statutory exemption provision protecting from eviction tenants occupying a housing accommodation for 20 years or more, should be affirmed.

MURPHY, P. J., and ELLERIN, J., concur with SULLIVAN, J.; SANDLER, J., dissents in a separate opinion.

Order and judgment (one paper), Supreme Court, New York County, entered on or about March 27, 1987, reversed, on the law, without costs and without disbursements, the petition granted and the certificate of eviction vacated.