(May 12, 1988)

In the Matter of GEORGE JAHN et al., Respondents, v DIVISION OF HOUSING AND COMMUNITY RENEWAL OF THE OFFICE OF RENT ADMINISTRATION OF THE STATE OF NEW YORK et al., Appellants.

Although it found that landlords respondents George and Karen Jahn had made a good-faith showing of an immediate and compelling necessity to recover possession of the subject premises from their tenant, Tony Krupa, for their own personal use and that of their family, the DHCR denied landlords

the certificate of eviction which would otherwise have issued pursuant to 9 NYCRR 2204.5 (a) upon the ground that the tenant, a 20-year occupant of the leased premises at the time of the administrative proceedings, was entitled to claim the benefit of chapter 234 of the Laws of 1984, amending section Y51-6.0 (b) (1) (now renum § 26-408 [b]) of the Administrative Code of the City of New York to exempt from eviction in personal use actions those who have been tenants in housing accommodations in the same building for 20 or more years.

It has been the landlords' contention that their right to a certificate of eviction has been inequitably frustrated by the dilatory tactics of the tenant, and that the tenant's tactics were at least indulged, if not encouraged, by the DHCR. Specifically, landlords urge that the DHCR improperly countenanced a delay of some three months in the disposition of their application during which time Mr. Krupa attained the twentieth anniversary of his tenancy and so came within the above-cited exemption.

The record does not disclose that the administrative delay, to the extent that there was one, was willful or unreasonable as a matter of law. During the period in question the DHCR was undertaking new responsibilities and had an unusually heavy caseload (see, Matter of Lavalle v Scruggs-Leftwich, 133 AD2d 313). Considering these circumstances, the time frame within which landlords' application was determined does not appear unduly extended. Nor do we think that landlords had any special right to expedited review of their application, even if the agency's failure to accord them a more rapid determination had the consequence of rendering their application academic.

Assuming, however, that there was some delay attributable either to the DHCR or to the tenant in the administrative disposition of the landlords' application, and that the delay was a full three months as landlords claim, the delay cannot be said ultimately to have prejudiced landlords. This is because even if a certificate of eviction had issued as a result of the administrative proceedings, the tenant would still have reached the 20-year milestone entitling him to claim the benefit of the aforementioned exemption during the pendency of any subsequent article 78 review of the agency determination. As we recently observed in Matter of McMurray v New York State Div. of Hous. & Community Renewal (135 AD2d 235, 239-240 [Sullivan, J.]), "if at any stage of the appeal process a tenant is lawfully in possession, he is entitled to the beneficial aspects of the statute. Thus, absent a showing of

dilatory tactics exemplifying bad faith on his part, a tenant still in possession who challenges the issuance of a certificate of eviction is entitled to the statutory exemption even though the 20-year anniversary occurred after the issuance of the certificate." *(See also, Matter of Cirella v Joy,* 69 NY2d 973.)

Although there is some evidence of delay by the tenant in this case we do not think it so clearly indicative of bad faith as to warrant depriving him the benefit of the exemption. The record before us does not provide an adequate predicate for the extraordinary equitable relief landlords seek. This is particularly the case since landlords would displace their long-term rent-controlled tenant, to whom it may be noted they have had to refund more than $14,000 in rent overcharges, for no more compelling purpose than that of affording their daughter, a college student, use of the premises. While we do not directly address the merits of the landlords' personal use application, we are not without doubt as to the compelling nature of their need for the subject apartment. Our questions in this regard are certainly pertinent in assessing the equities. Concur—Murphy, P. J., Sullivan and Milonas, JJ.

Sandler, J., concurs in the result only.