■ In the Matter of MERCEDES LEGRA, Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL OF THE STATE OF NEW YORK et al., Respondents. [599 NYS2d 102] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Division of Housing and Community Renewal of the State of New York dated May 23, 1990, affirming the District Rent Administrator's determination recontrolling premises owned by the petitioner and denying the petition for administrative review, the petitioner appeals, as limited by her brief, from so much of a judgment of the Supreme Court,

Queens County (Hentel, J.), dated March 4, 1991, as denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs.

We disagree with the petitioner's contentions that the Division of Housing and Community Renewal of the State of New York (hereinafter the DHCR) misapplied 9 NYCRR 2200.2 (f) (11) because that provision, empowering it to recontrol premises which enjoyed decontrolled status, based upon a certification that the apartment or premises had become a fire hazard, applied only to apartments which were rented on or after May 1, 1962, not April 1, 1953, as determined by the DHCR, and that, in any event, the vacate orders declared only the basement area, not the subject apartment, to be a fire hazard.

We note that the language of the subject regulations is almost identical to the language of the Administrative Code of the City of New York § 26-403, which sets forth housing accommodations which are subject to the City Rent and Rehabilitation Law, the purpose of which, as correctly pointed out by the DHCR, and set forth in the report of the Committee on General Welfare of the New York City Council, dated April 10, 1962, at 6, was to provide for "the permanent recontrol of accommodations previously decontrolled where one of the City's inspectional departments * * * certifies that the accommodations are a fire hazard or in a continued dangerous condition or detrimental to life or health. Such recontrol is made applicable not only to accommodations previously decontrolled as the result of a conversion or a change from a non-housing to a housing use, as in the State law, but also to accommodations previously decontrolled as owner-occupied".

Clearly, the stated purpose of the regulations supports the DHCR's contention that the May 1, 1962, date has no relevance to the recontrol provision. As explained by the Committee on General Welfare of the New York City Council in its report, and quoted by the DHCR in its brief, the May 1, 1962 cut-off date was to "eliminate the evasive practice whereby a landlord, by moving from one apartment to another, could obtain decontrol of a building, as well as the device of obtaining decontrol by multiple ownership". The only logical and reasonable conclusion to be arrived at upon reading the whole subdivision is that the phrase "[a]ny such housing accommodation shall become subject to control" (9 NYCRR 2200.2 [f] [11] [ii]) was intended by the Legislature to relate back to the

April 1, 1953, date. Consequently, the recontrol provision applies to the subject apartment even though respondent Nicholson rented it in February 1960.

Moreover, rent control and eviction statutes are remedial in nature, and thus they are to be liberally construed to carry out the reform intended and to spread their beneficial results as widely as possible *(see, Matter of McMurray v New York State Div. of Hous. & Community Renewal,* 135 AD2d 235, 239; *Matter of Lavalle v Scruggs-Leftwich,* 133 AD2d 313). In this case, the regulations incorporated the recontrol provision so as to safeguard the safety of tenants and to ensure that landlords do not abuse the privilege of decontrol. Thus, in order to ensure that the statute achieves its purpose, it is reasonable that the recontrol provision be made applicable not only to the specific apartment or area certified by the Fire Department to be a fire hazard, but also to adjoining and/or adjacent apartments to which the specific apartment declared to be a fire hazard poses an eminent peril to life.

Under the circumstances, there is a rational basis for the DHCR's determination that the subject apartment should be recontrolled on the basis of the violation orders issued with respect to the basement. Bracken, J. P., Ritter, Copertino and Santucci, JJ., concur.