*211 OPINION OF THE COURT
John B. Riordan, J.
This petition for construction of a will also requires the construction of two statutes, EPTL 3-3.3 and 3-3.4.
The decedent, Josephine Edwards, died on June 26, 2005 leaving a last will and testament which was duly admitted to probate by a decree of this court.
The will provides in part:
“article second: I hereby give, devise and bequeath all the rest, residue and remainder of my estate, real, personal or mixed, wheresoever situated, whereof I may be seized or possessed or to which I may be in any manner entitled or in which I may be interested at the time of my death as follows:
“A. a twenty-five (25%) percent share to my brother, Robert edwards, per capita, absolutely and forever;
“B. a twenty-five (25%) percent share to my brother, john edwards, per capita, absolutely and forever;
“C. a twenty-five (25%) percent share to my niece, ann kaufman, per capita, absolutely and forever;
“D. a twenty-five (25%) percent share to my nieces and nephews, Robert m. edwards, suzanne ingraSIA, PATRICIA PURRMAN, FRED KOESTLICH, PAMELA heidtmann and john v. edwards, share and share alike, per capita, absolutely and forever.”
Robert Edwards and Ann Kaufman predeceased the testator. There are several issues of construction raised in this petition.
The first issue of construction concerns the operation of the antilapse statute (EPTL 3-3.3) in connection with the words “per capita” in the bequest to Robert Edwards. If the words “per capita” are considered to be an “otherwise provision” (EPTL 3-3.3 [a] [2]), the antilapse statute does not apply and Robert M. Edwards does not succeed to his father’s share of the residuary estate under the statute. If the words “per capita” have no effect, Robert M. Edwards succeeds to his father’s share of the residuary estate.
A distribution “per capita” is an equal division among beneficiaries (EPTL 1-2.11). When used in connection with the words “issue” or “descendents,” the term per capita may describe a substitutional gift. Standing alone, “per capita” does not indicate a substitutional gift (Matter of Schwartz, NYLJ, July 19, 1993, at 27, col 4).
*212 In the context of a gift to one person, without substitution, the words “per capita” are not descriptive. Words employed by a testator should not be rejected as meaningless if by any reasonable construction they may be made consistent and significant (Matter of Fabbri, 2 NY2d 236 [1957]). In this case, however, it appears that the words “per capita” were added inadvertantly and should be disregarded (Matter of Squire, 102 NYS2d 735 [1951]).
The words “absolutely and forever” are not words of substitution and do not prevent application of the antilapse statute (see Estate of Lauricella, NYLJ, Jan. 30, 1998, at 34, col 3).
Therefore, the bequest to Robert Edwards vests in Robert M. Edwards.
The second issue for construction is the division of the bequest to Ann Kaufman in the residuary estate. Ann Kaufman died without issue. The question is whether Ann’s share is to be divided (1) among John Edwards and the beneficiaries named in paragraph D (including Robert M. Edwards), or (2) among John Edwards, the beneficiaries named in paragraph D (including Robert M. Edwards) and Robert M. Edwards as a “substitute taker” under paragraph A.
On this question, there are no reported cases on the interrelation of the relevant statutes.
Pursuant to EPTL 3-3.3, where a bequest is made to the issue or siblings of a testator and the beneficiary predeceases the testator, the gift does not lapse but vests in the beneficiary’s surviving issue. The purpose of the original antilapse statute was to abrogate the common-law rule that a devise or bequest to a predeceased child lapsed and to substitute the children of the deceased child for the primary object of the testator’s bounty (Matter of Murphy, 6 NY3d 36 [2005]). The statute is intended to compensate for the testator’s presumed inadvertence in failing to provide a gift over to the lineal descendants of the deceased beneficiary (Barnes v Huson, 60 Barb 598 [1871]) and to prevent the bequest from devolving to beneficiaries of the residuary estate whose relationship to the decedent might be remote (Tuttle v Tuttle, 2 Dem 48 [1879]).
The purpose of EPTL 3-3.4 is to abolish the “no residue of a residue” rule. The statute prevents an ineffective residuary bequest or devise from falling into intestacy (2d Report of Temp St Commn on Estates, 1963 NY Legis Doc No. 19, at 436-453) and provides that the ineffective bequest passes to the “remaining residuary beneficiaries.”
*213 EPTL 3-3.3 is a remedial statute (Cook v Munn, 2 Dem 49 n [1883]; Barnes v Huson, 60 Barb 598 [1871] [construing section 52 of the statute of wills]). Remedial statutes are construed liberally to carry out the reforms intended (Matter of Legra v Division of Hous. & Community Renewal of State of N.Y., 194 AD2d 677 [1993]). The role of the courts is to give effect not only to the remedy but to words which delimit the remedy (Enright v Eli Lilly & Co., 77 NY2d 377 [1991]). EPTL 3-3.3 substitutes the descendant of a beneficiary for the beneficiary but does not preclude the substitute taker from sharing in a lapsed residuary bequest to which EPTL 3-3.4 applies.
EPTL 3-3.4 is also a remedial statute. The purpose of EPTL 3-3.4 is to prevent an ineffective residuary bequest or devise from falling into intestacy. That purpose is not frustrated by permitting a “substitute-taker” to share in the lapsed legacy of a second residuary beneficiary.
In the absence of an irreconcilable conflict between statutory provisions, they must be read together, since the Legislature is presumed to create laws in harmony with those in existence at the time of the new enactment (Matter of New York Pub. Interest Research Group v Town of N. Hempstead, 153 AD2d 743 [1989]). Where statutes are potentially in conflict, they should be construed in such a manner that the dominant purpose of both can be preserved (Matter of Lumpkin v Department of Social Servs. of State of N.Y., 59 AD2d 485 [1977], affd 45 NY2d 351 [1978]). The court finds that the dominant purpose of both statutes will be best preserved by a determination that the substitute taker of a residuary bequest to which EPTL 3-3.3 applies shares in a lapsed residuary bequest to which EPTL 3-3.4 applies.
Accordingly, the court finds that Robert M. Edwards shares in the lapsed bequest to Ann Kaufman in his own right under paragraph D and as a substitute taker under paragraph A.