Matthew Harris, Petitioner-Landlord-Respondent, 
against
Woodrina Israel, Respondent-Tenant-Appellant.




Tenant appeals from a final judgment of the Civil Court of the City of New York, New York County (Jack Stoller, J.), entered on or about July 11, 2018, after a nonjury trial, awarding possession to landlord in a holdover summary proceeding.




Per Curiam.
Final judgment (Jack Stoller, J.), entered on or about July 11, 2018, reversed, with $30 costs, and matter remanded to Civil Court for further proceedings in accordance with this decision.
Upon the July 2018 trial of this owner use holdover proceeding, Civil Court awarded possession to landlord, concluding that landlord demonstrated a "good faith intent" to occupy two reconfigured and combined brownstone buildings, one of which included the subject rent stabilized apartment, as a primary residence for his personal use. During the pendency of tenant's appeal from the judgment, New York State enacted the Housing Stability and Tenant Protection Act of 2019 (L 2019, ch 36) (HSTPA), which broadly changed the rent laws to increase tenant protections. Of relevance to this appeal, the HSTPA limited an owner's ability to recapture a rent stabilized apartment for owner occupancy (HSTPA Part I), by, inter alia, limiting an owner to the recovery of only "one dwelling unit" in a building, requiring a showing of "immediate and compelling necessity" for use by the owner as a primary residence, and further requiring an owner to offer to provide an equivalent housing accommodation to a tenant lawfully occupying the premises for "fifteen years or more" (HSTPA Part I, § 1). 
THE HSTPA provides that these particular amendments were to "take effect immediately" and were expressly made applicable to "any tenant in possession at or after the time it takes effect" (HSTPA Part I § 5). "The inference to be drawn [from this language] is that if at any stage of the appeal process a tenant is lawfully in possession, he is entitled to the beneficial aspects of the statute" (Matter of McMurray v New York State Div. of Hous. & Community Renewal, 135 AD2d 235, 239 [1988], affd 72 NY2d 1022 [1988]). "[B]ecause the legislature has made changes to the law that directly impact this case, and has made those changes applicable to this pending litigation, a remand is appropriate" (Dugan v London Terrace Gardens, L.P., 177 AD3d 1, 10 [2019]). Accordingly, we remand the matter to Civil Court for such further proceedings as may be necessary to determine landlord's claim in accordance with the HSTPA. [*2]If that is an undesirable result, the problem is one to be addressed by the legislature.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: December 04, 2019