Andrew R. Tyler, J.
Plaintiffs in this action for a declaratory judgment move for an order granting summary judgment declaring the Senior Citizen Rent Increase Exemption Law (Local Laws, 1970, No. 31 of City of New York; Administrative Code of City of New York, § Y51-5.0, subd. n) unconstitutional and for an order enjoining enforcement of same.
Defendant City of New York cross-moves for an order granting summary judgment dismissing the complaint as a matter of law, and further, as it fails to state a cause of action.
The statute in question exempts a certain limited class of low-income elderly persons from the rent increases permitted for rent-controlled apartments by Local Law No. 31 (Administrative Code, § Y51-5.0).
To be eligible for the exemption, the tenant must be at least 62 years of age, not a recipient of public assistance, and a resident of the apartment on June 26, 1970. In addition, the net after-taxes income of all members of the household must not exceed $4,500 and the total yearly rental must exceed one third of said net income.
The statute is due to expire on January 1, 1972 when the new, permanent, computerized system of rent control envisioned by Local Law No. 30 of the Local Laws of 1970 becomes effective, at which time all rent rates for rent-controlled apartments will be recomputed pursuant to an involved formula. Further, the statute only affects rent increases granted on or after August 1, 1970. It must be noted that a qualified tenant who is paying a rent now in excess of one third of his income will not get a reduction in rent, as the statute contains no roll-back provision.
The exemption divides those subject thereto into two categories. The first is tenants paying less than $60 per month as of July 31, 1970. Their exemption started on November 1, 1970. The second group, by far the majority, are those tenants paying rent of more than $60 per month on July 31,1970. Their exemption is effective commencing April 1,1971.
The City Council, in passing the statute, considered the critical state of housing in this city, especially the housing available to low-income elderly residents. A series of sociological studies was conducted which emphasized the decreased mobility of the elderly as well as the attendant trauma in forcing relocation. It was determined that this trauma created a situation endangering the health and welfare of these people. Further, the council considered the limited means available to these people to *344 effectively increase their income to meet the higher rentals mandated. It becomes evident that this segment of the population was facing a critical emergency with regard to one of the basic requisites of life-adequate shelter. It was in the context of this pending emergency that Local Law No. 31 was enacted.
Bearing in mind the limited nature and duration of the statute, together with the aforesaid conditions that necessitated its enactment, it becomes evident that the statute is a valid exercise of legislative police power and is thus constitutional.
The mere legislative creation of a limited class is not, in itself, unconstitutional provided that the distinction is based upon reasonable grounds (8200 Realty Corp. v. Lindsay, 27 N Y 2d 124, app. dsmd. 400 U. S. 962 [1970] ; McGowan v. Maryland, 366 U. S. 420 ; Rankin v. Shanker, 23 N Y 2d 111). In the case at bar, the undisputed facts before the City Council concerning the plight faced by elderly poor persons were clearly a sufficient, reasonable basis for legislative action (Williams v. Lee Optical Co., 348 U. S. 483 ; Matter of Farrell v. Drew, 19 N Y 2d 486 ; Woods v. Miller Co., 333 U. S. 138).
The cases upholding the constitutionality of rent control statutes are legion (8200 Realty Corp. v. Lindsay, supra ; see Bowles v. Willingham, 321 U. S. 503 ; Gauthier v. Gabel, 44 Misc 2d 887, affd. 16 NY 2d 720).
Under all the undisputed factual circumstances, including the strong presumption of the constitutionality of legislative enactments (Lincoln Bldg. Assoc. v. Barr, 1 N Y 2d 413 ; Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537) as well as the recent cases in this field cited herein, the plaintiffs ’ motion is denied and the cross motion is granted.