Chief Judge Fuld.
New York City’s Local Law No. 30 and Local Law No. 31 of 1970 were enacted together and became effective on August 1, 1970. The former provided, insofar as here relevant, for general increases in maximum rents up to a limit of 15% of the July 31,1970 maximum rent (Administrative Code of City of New York, § Y51-5.0, subd. a, par. [2]). The other enactment, Local Law No. 31, exempts a certain class of older persons from Local Law No. 30’s increases (§ Y51-5.0, subd. n). More specifically, it exempts from such rent increases any tenant 62 years of age or older, not the recipient of public assistance, whose total annual income — when added to that of other members of the household—does not exceed $4,500, after taxes, and who pays more than one third of such income for rent.[1] Although Local Law No. 31 does not expressly designate a date for the termination of the exemption, the city notes in its brief that “ the City Rent Agency has by regulation (§ 34.6, subd. c * * *) provided that ‘ In any event, each such order [of exemption] shall expire upon the effective date of establishment of a new *34 minimum rent pursuant to Section Y51-5.0a(3) of the Rent Law for the housing accommodations affected ’ ” and that such section ‘ ‘ mandates establishment of new maximum rents effective January 1,1972.”
The plaintiff Parrino — the landlord of a multiple dwelling in Brooklyn — and the plaintiff Community Housing Improvement Program, Inc.— a membership corporation, suing on behalf of its members and all others similarly situated — seek a judgment declaring Local Law No. 31 unconstitutional and enjoining its enforcement. The court at Special Term, deciding against the plaintiffs, upheld the legislation as a valid exercise of the police power and, in the course of its opinion, noted that it “ only affects rent increases granted on or after Aug. 1, 1970 ” and “ is due to expire on Jan. 1,1972 ”. The plaintiffs thereupon took an appeal directly to our court, as of right, pursuant to CPLR 5601 (subd. [b], par. 2).
We find without substance the plaintiffs’ principal contention that the exemption accorded to persons 62 years of age or older amounts to a taking of property without compensation on the asserted ground — to quote from the plaintiffs’ brief — that it “ effects a reduction in the rent of certain tenants at the expense of their landlords.” Actually, Local Law No. 31 calls for no “ reduction it merely provides that for the period of its limited duration ■—as already noted, until January 1,1972 — elderly tenants (who meet the other conditions specified) are to be exempt from rent increases which might otherwise be imposed in accordance with Local Law No. 30. (Cf. Gauthier v. Gabel, 44 Misc 2d 887, 893-894, affd. 16 N Y 2d 720.)[2] Indeed, such older tenants will be required to pay the same rent that they were obligated to pay prior to the enactment of the 1970 legislation, under the then local law which this court, also in the face of a due process attack, sustained as constitutional. (See Felner v. Office of Rent Control, 27 N Y 2d 692, 693; Plaza Mgt. Co. v. City Rent Agency, 25 N Y 2d 630, 632.) In other words, since the maximum rents in effect on July 31, 1970, established pursuant to the pre-1970 legislation, were upheld as valid, the *35 fact that the landlord may not collect more than such July 31, 1970 maximum rent from the elderly poor cannot render the exemption an impermissible taking of property or a denial of due process.
Nor is there any justification for the charge that Local Law No. 31 deprives the plaintiffs of equal protection of the laws. As we had occasion to write a few years ago (Matter of Bauch v. City of New York, 21 N Y 2d 599, 607), “ the standards of equal protection are met if a classification, or a distinction among classes, has some reasonable basis.” (See, also, Matter of Farrell v. Drew, 19 N Y 2d 486, 491; Bucho Holding Co. v. State Rent Comm., 11 N Y 2d 469, 476-477.) Certainly, the classification effected by the local law under consideration has such reasonable basis; it has a substantial relation to a legitimate public purpose, namely, the prevention of severe hardship to aging needy citizens resulting from the shortage of low and moderately priced housing accommodations. As bearing on the reasonableness of a classification based on age or income, we but note the many laws which provide for public assistance, social security payments, reduction in real estate taxes for elderly home owners and double exemption on the computation of Federal, State and city income taxes and other protective legislation based wholly on the age or economic need of the recipient.
The judgment appealed from should be affirmed, without costs.
Judges Scileppi, Bergan, Jasen and Gibson concur with Chief Judge Fuld; Judge Burke concurs on constraint of prior rent control cases decided by the court; Judge Breitel concurs in result only.
Judgment affirmed.

. In a preamble to Local Law No. 31, the City Council made findings that “ there is an acute housing shortage; that this shortage has an adverse effect on the population and especially on inhabitants of the city who are sixty-two years of age or older and of limited means, who cannot pay enough rent to induce private enterprise to maintain decent housing at rents they can afford to pay; * * * that present rising costs and the resultant increase in rents pursuant to amendments to the New York city rent and rehabilitation law may result in such persons being unable to pay their rent, thus making them subject to eviction; that such hardships fall with particular severity upon older persons * * * because of the trauma experienced by many older persons who have to relocate and because they may endanger their health by paying additional sums for shelter and thereby deprive themselves of other necessities; that hardships imposed upon such people adversely affect their health and welfare and the general welfare of the inhabitants of the city.” And, concluded the preamble, “It is, therefore, found and declared to be necessary for the health, welfare and safety of such persons and of inhabitants of the city that the city 'establish a system of special rent adjustments for such persons as hereinafter provided in this local law.”

. Whether the exemption may be extended beyond December 31, 1971, is not before the court, and we neither consider nor pass upon the impact, if any, which chapter 372 of the Laws of 1971 of the State of New York may have on the legislation here challenged.