72 N.Y.2d 1022 (1988)
In the Matter of Frank McMurray, Respondent,
v.
New York State Division of Housing and Community Renewal et al., Respondents, and George Wild et al., Appellants.
Court of Appeals of the State of New York.
Decided October 25, 1988.
Andrew S. Fisher for appellant.
Daniel E. Konig and Dennis Hasher for New York State Division of Housing and Community Renewal, respondent.
Robert J. Kaplan for Frank McMurray, respondent.
Chief Judge WACHTLER and Judges SIMONS, KAYE, ALEXANDER, TITONE, HANCOCK, JR., and BELLACOSA concur.
*1023 MEMORANDUM.
The order of the Appellate Division should be affirmed.
Notwithstanding the validity of the certificate of eviction issued by respondent Division of Housing and Community Renewal (DHCR), we conclude that Supreme Court improperly tolled the running of the 20-year period. Chapter 234 of the Laws of 1984 defines a landlord's right to evict tenants occupying rent-controlled apartments (Administrative Code of City of New York § 26-408 [b] [1]; L 1984, ch 234, as amended). The statute specifically limits this right by providing that when the tenant falls within one of the three protected categories the subdivision permitting eviction "shall not apply" (Administrative Code § 26-408 [b] [1]). Construing the 20-year requirement as a Statute of Limitations and tolling the accrual of time is, as the agency itself argues, inconsistent with this statutory language. Since the statute creates the landlord's right to evict tenants protected by the rent control law, it is *1024 consistent with the legislative intent to construe the limitation that the tenant be in occupancy for less than 20 years as a condition precedent to the maintenance of an eviction proceeding. So viewed, the limitation cannot be tolled (Romano v Romano, 19 N.Y.2d 444, 447; Kahn v Trans World Airlines, 82 AD2d 696, 699). This interpretation serves the broad remedial purpose of the statute which was intended to protect elderly, long-term and disabled tenants from the hardships of eviction (see, L 1984, ch 234, Governor's Bill Jacket, Mem of NY Assembly, 1984 NY Legis Ann, at 109). Accordingly, a tenant in possession who accumulates the requisite 20 years of occupancy before the validity of a certificate of eviction is finally determined by the courts is protected from eviction. Petitioner, therefore, who became a 20-year tenant during the pendency of judicial proceedings and who the Appellate Division found did not unduly delay the proceedings, is exempt from eviction.
Moreover, respondents-appellants' contention that the Appellate Division improperly considered the fact that petitioner became a 20-year tenant after the entry of Supreme Court's judgment is without merit. The statute providing for judicial review of DHCR determinations expressly authorizes the reviewing court to consider new evidence when requested to do so by the agency (Administrative Code § 26-411 [a] [2]). Here, in view of DHCR's position that petitioner was exempt from eviction even though he reached 20 years in occupancy after the issuance of the certificate of eviction, there was no need to remit the matter to the agency for further administrative action. (Compare, Matter of Levine v New York State Liq. Auth., 23 N.Y.2d 863, 864; Matter of Fanelli v New York City Conciliation & Appeals Bd., 90 AD2d 756, 757.)
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.