ANDREW BLANE, Appellant, v JULIE ISLES et al., Respondents.

Supreme Court, Appellate Term, First Department, November 23, 1988

### APPEARANCES OF COUNSEL

*Rosenberg & Estis, P. C. (Gary M. Rosenberg, Luise A. Barrack* and *Susan R. Lipp* of counsel), for appellant. *Hartman, Ule, Rose & Ratner (David Ratner* of counsel), for Julie Isles, respondent.

### OPINION OF THE COURT

Per Curiam.

Order entered April 9, 1888 reversed, with $10 costs, tenant's motion for summary judgment denied, petitioner's cross motion granted to the extent of striking the first and second affirmative defenses, and the matter is remanded to the Civil Court for further proceedings consistent with this decision.

We agree, substantially for the reasons stated in the decision of Judge Schlesinger, that the stabilized tenant, having attained the age of 62 during the pendency of this owner occupancy proceeding, is entitled to the protections afforded senior citizens under the Rent Stabilization Law of 1969 (Administrative Code of City of New York § 26-511 [c] [9] [b]). The exception to the renewal of lease requirement, where the owner seeks to recover possession for his own personal use, "shall not apply" where the tenant lawfully occupying the dwelling unit is 62 years of age or older unless the owner "provides an equivalent or superior housing accommodation at the same or lower stabilized rent in a closely proximate area" (Administrative Code § 26-511 [c] [9] [b]). In *Matter of McMurray v New York State Div. of Hous. & Community Renewal* (72 NY2d 1022, *affg* 135 AD2d 235), the Court of Appeals, construing the analogous provision in the Rent Control Law (Administrative Code § 26-408 [b] [1]), cited the "broad remedial purpose" of legislation intended to benefit elderly, long-term and disabled tenants, and held that a tenant who became a 20-year resident before the validity of a certificate of eviction was finally determined by the courts would be protected from eviction. Since we perceive no legislative design to treat rent-

stabilized tenants less favorably than rent-controlled tenants in these particular circumstances, we affirm Civil Court's central conclusion that the tenant, who attained the requisite age of 62 during the course of eviction proceedings which had not yet been finally determined, may invoke the statutory protection afforded to elderly residents. Nor is the tenant estopped from claiming the benefit of the exemption because of delay. The fact that there were prior appeals of an intermediate order in this proceeding does not equate with a finding of bad faith on tenant's part (see, Matter of McMurray v New York State Div. of Hous. & Community Renewal, supra).

Notwithstanding the applicability of the exemption, however, the landlord may ultimately prevail on the petition should he establish that he requires the subject premises for his own personal use and provided that he offers the tenant "an equivalent or superior housing accommodation". In the procedural posture of this case, these issues have not been determined, and dismissal of the petition was premature.

PARNESS, J. P., MILLER and McCOOE, JJ., concur.