OPINION OF THE COURT
Norman C. Ryp, J.
"Do not cast me away in old age; when my strength gives out do not forsake me.” (Psalms 71:9.)
ISSUE
1. Which legally comes first (person or paper!) a senior *659 citizen rent increase exemption (SCRIE), applicant’s 62nd birthday, or the effective date of the maximum collectible rent (MCR) notice; or whether a SCRIE applicant must be 62 years of age or older at the effective date of an MCR notice or at the SCRIE application filing? A very first impression issue!
In this CPLR article 78 special proceeding petitioner, Barbara Lee, seeks to compel respondents, Abraham Biderman, as Commissioner of the City of New York Department of Housing Preservation and Development (NYC-HPD), Barrington Wright, as Assistant Commissioner NYC-HPD, Division of Rent Policy and Regulation, and HPD, to issue a senior citizen rent increase exemption order (SCRIE Order) freezing the rent for her apartment at the rate of her maximum collectible rent for December 31, 1986. For the reasons to be stated, the petition is granted only to the extent set forth hereinbelow.
A. FACTS
Petitioner, Barbara Lee, had resided in the apartment known as apartment 6J, 405 West 23rd Street, New York City, for more than 20 years when she turned 62 on January 15, 1987.
On or before January 27, 1987, petitioner received an MCR notice increasing her rent to $322.06 per month, effective January 1, 1987. On January 27, 1987, petitioner, now 62 years old plus 12 days, applied for a SCRIE Order from respondent HPD.
On September 24, 1987, respondent HPD denied petitioner’s application for a SCRIE Order on the grounds that she was not 62 on the date that the MCR increase took effect. In late September 1987, petitioner filed an administrative protest with HPD. On February 16, 1988, in an administrative order and opinion by respondent, Assistant HPD Commissioner Barrington Wright, petitioner’s protest was denied because she was not 62 when the rent increase became effective.
On March 7, 1988, petitioner submitted a SCRIE application for MCR increases which took effect in 1988, however, her application was incomplete and she was so notified on September 16, 1988. Petitioner completed the application and respondent issued a SCRIE Order exempting her from the rent increase in 1988.
B. PARTIES’ CONTENTIONS
In support, petitioner contends that she was entitled to a *660 SCRIE Order effective January 1, 1987, and that respondents’ decision to deny her SCRIE Order was arbitrary and capricious.
In opposition, respondents contend that petitioner was not subjected to a rent increase after she reached 62 and therefore the decision to deny her SCRIE Order was rational and reasonable.
C. ANALYSIS
The court is limited in its review of an administrative decision, in this case, to whether or not the decision was arbitrary, capricious or an abuse of discretion. (CPLR 7803.) A court, further, may not overturn an agency’s decision just because it would have reached a contrary conclusion. (See, Matter of Sullivan County Harness Racing Assn. v Glasse, 30 NY2d 269 [1972]; Matter of Eastwood Bldg. Comm. v Eimicke, 130 AD2d 425 [1st Dept 1987], lv denied 70 NY2d 816 [1987].)
When the New York City Council instituted a new rent-control program in 1970, it found that persons over the age of 62, with limited income, were being severely effected by the housing shortage in New York City. Its SCRIE statutory findings were as follows: "The council finds that there is an acute and continuing housing shortage; that this shortage has and continues to have an adverse effect on the population and especially on inhabitants of the city who are sixty-two years of age or older and of limited means, who cannot pay enough rent to induce private enterprise to maintain decent housing at rents they can afford to pay; that this condition is and continues to be particularly acute in a time of rising costs such as the present; that present rising costs and the continuing increase in rents pursuant to amendments to the New York city rent and rehabilitation law may result in such persons being unable to pay their rent, thus making them subject to eviction; that such hardships fall with particular severity upon older persons in the population because of their particular inability to find alternative accommodations within their means, because of the trauma experienced by many older people who have to relocate and because they may endanger their health by paying additional sums for shelter and thereby deprive themselves of other necessities; that hardships imposed upon such people adversely affect their health and welfare and the general welfare of the inhabitants of the city. * * * It is, therefore, found and declared to be *661 necessary for the health, welfare and safety of such persons and of inhabitants of the city that the city continue a system of special rent adjustments for such persons as hereinafter provided.” (Administrative Code of City of New York § 26-405 [m].)
In order to protect senior citizens who truly needed protection from eviction the City Council set forth the following criteria for SCRIE exemptions: (a) the person must be 62 years of age or older; (b) the aggregate disposable income of all members of the household residing in the housing accommodation does not exceed $12,025 (Administrative Code § 26-405 [m] [2], as amended by Local Laws, 1986, No. 52 of City of New York) after deduction of Federal, State and city income and Social Security taxes; and (c) the maximum rent for the housing accommodations exceeds one third of the aggregate disposable income or if the person receives a monthly allowance for shelter pursuant to social services law, the maximum rent for the housing accommodations exceeds the maximum allowance for rent. (Administrative Code § 26-405 [m] [2].) If these criteria are met, without any reference to an MCR order’s effective date, then a SCRIE Order shall be issued (Administrative Code § 26-405 [m] [5]).
When this provision, to exempt senior citizens from rent increases, was adopted in 1970, it was challenged as being unconstitutional. The court in Parrino v Lindsay (66 Misc 2d 342 [Sup Ct, NY County 1971], affd 29 NY2d 30 [1971]) held that the exemptions were constitutional on the basis that the classification, old age, held a substantial relation to a legitimate public purpose, the prevention of hardship to the aging needy. (29 NY2d 30, 35, supra.)
The purpose of the City Council in enacting section 26-405 (m) was to alleviate hardships on senior citizens over 62 with low incomes created by escalating rents in New York City. When, as here, the statute is remedial in nature it should be literally construed in order to carry out the reform and to spread the beneficial results as widely as possible. (Post v 120 E. End Ave. Corp., 62 NY2d 19 [1984]; Matter of McMurray v New York State Div. of Hous. & Community Renewal, 135 AD2d 235 [1st Dept 1988], affd 72 NY2d 1022 [1988]; McKinney’s Cons Law of NY, Book 1, Statutes § 321.) SCRIE’s targets are senior citizens with limited income, not senior MCR orders with limited reason. Therefore, HPD must issue a SCRIE Order when the applicant meets the criteria set forth in section 26-405 (m) (2).
*662 Respondent rejected petitioner’s application because she was not 62 at the time the rent increase took effect, therefore, she met the remaining criteria, and they are not at issue. In an analogous situation, senior citizens are protected from eviction by the owner for the owner’s use if they have resided in the premises for 20 years or longer, the court found that even if the person had not resided in the premises for 20 years when the application by the owner was made but reaches the 20 years during the pendency of the application the person will be protected. (Blane v Isles, 142 Misc 2d 1 [App Term, 1st Dept 1988].) Therefore, following this reasoning and a literal and reasonable construction of the statute, once petitioner reaches the age of 62, as here, HPD must issue a SCRIE Order, therefore, respondents’ denial of petitioner’s SCRIE Order application was arbitrary and capricious.
D. CONCLUSION
For the foregoing reasons the petition herein is granted and the matter is remanded to respondent HPD for further determinations consistent with this decision.