■ In the Matter of LEO MOGEL, Respondent, v STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Appellants.—Judgment, Supreme Court, New York County (Francis N. Pecora, J.), entered August 15, 1988, granting the landlord's petition to annul an·order of the Division of Housing and Community Renewal and directing that a certificate of eviction be issued, unanimously reversed, on the law and on the facts, without costs or disbursements, the petition denied and dismissed, and the Division's determination denying the landlord's application for a certificate of eviction reinstated.

The landlord sought a certificate of eviction for the subject rent-controlled apartment for his elderly mother's use and occupancy. After a hearing, the District Rent Administrator, finding that the landlord failed to sustain his burden of showing an immediate and compelling need and good faith in seeking the tenant's eviction, issued an order denying the application. The landlord filed a petition for administrative review (PAR) and requested a stay, pending final determination, of the running of time on the residency of the tenant, who had lived in the apartment for 19 years, and would, after 20 years of residency, be protected from eviction by Laws of 1984 (ch 234). When his administrative challenge to the District Rent Administrator's order was not decided within 90 days, the landlord deemed his PAR denied and brought a CPLR article 78 proceeding seeking vacatur. The Supreme Court denied the Division's motion to have the matter remitted to the agency for a final determination, vacated the Administrator's determination and directed that a certificate of eviction be issued. In October 1988, less than 60 days after the Division filed its notice of appeal from that order, the tenant's 20th anniversary of occupancy of the subject apartment occurred. We reverse.

Section 1 of Laws of 1984 (ch 234) amended section Y51-6.0 (b) (1) (renum as § 26-408 [b] [1]) of the Administrative Code of the City of New York (Rent and Rehabilitation Law) to bar the issuance of a certificate of eviction for purposes of occupancy by an owner or owner's relative where a member of the household lawfully occupying the subject apartment has been a tenant for at least 20 years. Section 55 of the New York City Rent and Eviction Regulations (renum as 9 NYCRR 2204.5) was amended to incorporate the provisions of chapter 234. The amendment applies to any tenant in possession on or after the amendment took effect, even if the application for a certificate of eviction was made prior thereto. We have previously held that, absent dilatory tactics exemplifying bad faith on his

part, a tenant in possession at any stage of the appeal process is entitled to the beneficial aspects of the 20-year rule, even though the 20-year anniversary occurs after the issuance of the certificate of eviction. *(Matter of McMurray v New York State Div. of Hous. & Community Renewal,* 135 AD2d 235, *affd* 72 NY2d 1022.) The record is clear that at no point did the tenant delay the adjudicatory process for his advantage. Nor did the agency unduly delay the processing of this case. Moreover, the running of the tenancy to satisfy the 20-year residency exemption cannot be tolled. *(Supra,* at 240.) In light of the statutory protection accorded this tenancy by Laws of 1984 (ch 234), which requires reinstatement of the Division's determination denying the landlord's application for a certificate of eviction, we need not reach the issues relating to the two cornerstones for obtaining such a certificate, i.e., good faith and immediate and compelling necessity. Concur—Sullivan, J. P., Ross, Milonas, Ellerin and Rubin, JJ.