OPINION OF THE COURT
Per Curiam.
Order, entered on or about June 28, 2004, affirmed, with $10 costs.
Civil Court properly granted tenant summary judgment dismissing the owner occupancy holdover proceeding. Once a rent-stabilized tenant establishes that he or she is a senior citizen, the provision allowing a landlord to seek recovery for personal use “shall not apply” unless the landlord offers to provide, and if requested, provides the tenant an equivalent or superior alternative accommodation (see Rent Stabilization Code [9 NYCRR] § 2524.4 [a] [2]). Even assuming, without deciding, that the offer of alternative accommodations is not a prerequisite for commencing an owner occupancy proceeding, it becomes a condition to maintaining such a proceeding once the tenant establishes that he or she is a senior citizen (see generally Matter of McMurray v New York State Div. of Hous. & Community Renewal, 72 NY2d 1022 [1988]).
Here, tenant received the underlying notice of nonrenewal on owner occupancy grounds in April 2003. The notice requested tenant to notify landlords “in writing, immediately” if he was 62 years or older. Upon receipt of the notice, tenant advised the landlords’ attorney (as requested in the notice) that he was a senior citizen. Landlords nonetheless commenced this proceeding in September 2003 alleging, upon information and belief, that tenant was not over 62 years of age. In October 2003, responding to landlords’ request, tenant provided proof of his age, i.e., a certified copy of his birth certificate. Landlords did not offer tenant comparable alternative housing and tenant subsequently moved for summary judgment.
In opposition to tenant’s motion for summary judgment, which was supported by proof of tenant’s age and tenant’s affidavit attesting that he had not received an offer of comparable *75 housing, landlords merely maintained that the obligation to offer alternative housing accommodations did not arise until tenant met his burden of establishing his age at trial. Landlords’ submissions were insufficient to raise an issue of fact as to whether tenant was over 62 years of age or whether an offer of alternative accommodations had been made as required by the code.
Blane v Isles (142 Misc 2d 1 [1988]), relied upon by landlords, is distinguishable in that the tenant therein turned 62 during the pendency of the proceeding and thus the landlord did not have an opportunity to offer alternative accommodations prior to the determination that the tenant was entitled to invoke the statutory protection afforded to elderly tenants. Here, by contrast, landlords were on notice of tenant’s senior citizen status prior to the commencement of the proceeding and received unequivocal proof thereof five months before tenant’s summary judgment motion.
Davis, J.P., and Schoenfeld, J., concur.