OPINION OF THE COURT
Per Curiam.
Order, dated September 26, 2008, affirmed, with $10 costs, for the reasons stated by Peter M. Wendt, J., at Civil Court.
We agree that appellant’s alleged attainment of senior citizen status — months after completion of a lengthy trial, entry of an unappealed possessory judgment in landlords’ favor, and landlords’ timely application for a warrant of eviction — did not serve to trigger the equivalent housing provisions of Rent Stabilization Code (9 NYCRR) § 2524.4 (a) (2). The cited Code section requires a landlord seeking to recover a stabilized apartment for personal use to offer an elderly or disabled “tenant lawfully occupying” the unit “an equivalent or superior housing accommodation at the same or lower regulated rent in a closely proximate area.” (9 NYCRR 2524.4 [a] [2].) As the trial court properly recognized, by the time appellant is said to have turned 62, the parties’ landlord-tenant relationship had long since been severed. In this posture, appellant cannot properly be considered a “tenant lawfully occupying” the stabilized apartment within the meaning of Rent Stabilization Code § 2524.4 (a) (2) (see generally MH Residential 1, LLC v Barrett, 22 Misc 3d 25 [2008], lv granted 2009 NY Slip Op 79942[U] [2009]; cf. Croman v Leighton, 12 Misc 3d 73 [2006]; Blane v Isles, 142 Misc 2d 1 [1988] [tenant shown to have reached the age of 62 during trial proceedings]). Matter of McMurray v New York State Div. of Hous. & Community Renewal (72 NY2d 1022 [1988]) is inapposite, since, among other distinguishing features, it concerned not the finality of a court-issued possessory judgment, but an agency-issued certificate of eviction, which, far from self-executing, provides the initial basis for jurisdiction in a subsequent eviction proceeding.
McKeon, EJ., and Schoenfeld, J., concur.