■ In the Matter of DEBORAH SCHUTT et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [717 NYS2d 565] —Order, Supreme Court, New York County (Bruce Allen, J.), entered June 4, 1999, which, to the extent appealed from as limited by the brief, denied petitioner tenants' application pursuant to CPLR article 78 to annul a determination by respondent Division of Housing and Community Renewal (DHCR), dated July 8, 1998, granting respondent landlord's petition for administrative review in part, finding, *inter alia*, that petitioners' claim, if treated as a Fair Market Rent Appeal (FMRA), was untimely under the Rent Regulation Reform Act of 1997 (RRRA), unanimously affirmed, without costs.

This Court has expressly held in *Matter of Muller v New York State Div. of Hous. & Community Renewal* (263 AD2d 296) that the RRRA's four-year limitation period governs FMRAs. Accordingly, since petitioners commenced their DHCR proceeding more than four years after the rent registration they sought to challenge in the context of an FMRA, their FMRA challenge was properly deemed time-barred by DHCR when it ruled upon the matter in 1998 (*id.*; RRRA of 1997, L 1997, ch 116; *see also*, *Matter of Estate of Goldman v New York State Div. of Hous. & Community Renewal*, 270 AD2d 169).

Contrary to petitioners' contention, DHCR was not precluded by its delay from considering this FMRA under the time limitation established by the RRRA. Administrative delay does not warrant limitation of DHCR review, absent a showing that the delay was willful or a result of negligence (*id.*), and petitioners make no such showing. Moreover, the complained of delay was attributable, in part, to adjournments requested by petitioners. Accordingly, we perceive no ground to exempt petitioners from the RRRA which, by its express terms, was applicable to all pending proceedings, of which petitioners' was one.

Finally, since rent regulation does not confer vested rights (*see*, *I.L.F.Y. Co. v City Rent & Rehabilitation Admin.*, 11 NY2d 480), petitioners' argument that the application of the RRRA's limitation period to pending cases violates due process by depriving them of the benefit of pre-RRRA rent regulation provisions law more favorable to their claims is without merit. Concur—Tom, J. P., Ellerin, Wallach, Rubin and Saxe, JJ.