Matter of Harris v Israel (2021 NY Slip Op 00796)





Matter of Harris v Israel


2021 NY Slip Op 00796


Decided on February 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 09, 2021

Before: Renwick, J.P., Kern, Mazzarelli, Oing, JJ. 


Index No. 570081/19 Appeal No. 13074 Case No. 2020-03408 

[*1]In the Matter of Matthew Harris, Petitioner-Landlord-Appellant,
v
Woodrina Israel, Respondent-Tenant-Respondent.


Latham & Watkins LLP, New York (Alexander K. Ehmke of counsel), for appellant.
SDK Heiberger, LLP, New York (Steven B. Sperber of counsel), for respondent.



Order, Appellate Term, First Department, entered December 6, 2019, which reversed an order of the Civil Court, New York County (Jack Stoller, J.), entered on or about July 13, 2018, awarding petitioner a judgment of possession of the premises, unanimously reversed, on the law, without costs, and the judgment of possession reinstated.
The issue in this appeal is whether the Housing Stability and Tenant Protection Act of 2019 (HSTPA) Part I applies to this holdover proceeding, which had been decided by Civil Court and was pending before the Appellate Term when the law was enacted. The parties do not dispute petitioner landlord's entitlement to a judgment of possession under the old law.
As amended by HSTPA Part I (L 2019, ch 36, § 2), Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-511(c)(9)(b), which governs an owner's right to refuse to renew a rent-stabilized lease on the ground that the owner seeks the unit for his or her own personal use and occupancy as a primary residence, limits the owner to the recovery of only one dwelling unit in a building, requires proof of "immediate and compelling necessity" for the owner's use, and requires that the owner provide an equivalent housing accommodation for any tenant over the age of 62 and in occupancy for 15 years or more.
Appellate Term concluded that the amended provision is applicable to this proceeding, based on the plain language of the act, which provides that it "shall apply to any tenant in possession at or after the time it takes effect, regardless of whether the landlord's application for an order, refusal to renew a lease or refusal to extend or renew a tenancy took place before this act shall have taken effect" (L 2019, ch 36, Part I § 5). Indeed, the Court of Appeals had determined that similar language in earlier amendments to the owner occupancy provisions of the Rent Stabilization Law warranted application to any pending case, even after a judgment of possession had been entered (see e.g. Matter of McMurray v New York State Div. of Hous. & Community Renewal, 72 NY2d 1022 [1988], affg 135 AD2d 235 [1st Dept 1988]; Matter of Cirella v Joy, 69 NY2d 973 [1987]).
However, four months after Appellate Term issued its decision in this proceeding, the Court of Appeals decided Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal (35 NY3d 332 [2020]), holding that HSTPA Part F, relating to rent overcharges, could not be applied to pending cases because "application of these amendments to past conduct would not comport with our retroactivity jurisprudence or the requirements of due process" (id. at 349).
We conclude that the same reasoning applies with equal measure to HSTPA Part I. Like the amendment in Regina Metro, this amendment "impair[s] rights owners possessed in the past, increasing their liability for past conduct and imposing new duties with respect to transactions already completed" (id. at 369). Therefore, a presumption against [*2]retroactivity applies (id. at 370). The pre-Regina Metro cases notwithstanding, the determination of the Court of Appeals that an owner's increased liability and the disruption of relied-upon repose are impairments to his or her substantive rights precludes any retroactive application of HSTPA Part I to this proceeding, where petitioner had spent several years reclaiming all other units at the property and was ultimately awarded a judgment of possession to the premises before HSTPA's enactment (id. at 379). "[T]here is no indication here that the legislature considered th[is] harsh and destabilizing effect on [petitioner's] settled expectations, much less had a rational justification for that result" (id. at 383). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2021