Karpen v Andrade (2022 NY Slip Op 50373(U))

[*1]

Karpen v Andrade

2022 NY Slip Op 50373(U) [75 Misc 3d 128(A)]

Decided on April 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, CHERE� A. BUGGS,
JJ

2020-377 K C, 2021-134 K C and 2021-135 K C
 Shlomo Karpen, Appellant, against
Julio Andrade, Respondent.
Shlomo Karpen, Appellant, 
 against Manuel Castro and Miriam Andrade, Respondents. Shlomo
Karpen, Appellant,
 against Juan Pablo Arevalo and Guadalupe Romero, Respondents.

Wenig Saltiel, LLP, Dan M. Blumenthal and Meryl L. Wenig of counsel, for appellant.
Communities Resist, Adam Meyers of counsel, for respondents.

Appeals from an order of the Civil Court of the City of New York, Kings County (Kevin C.
McClanahan, J.; op 66 Misc 3d 362 [2019]), entered November 20, 2019. The order, insofar as
appealed from as limited by the brief, upon, in effect, consolidating three owner's use holdover
proceedings for the purposes of disposition of tenants' three identical motions to dismiss the
respective petitions, granted the motions.

ORDERED that, on the court's own motion, the appeals are consolidated for the purposes of
disposition; and it is further,
ORDERED that the order, insofar as appealed from, is reversed, without costs, tenants'
motions to dismiss the respective petitions are denied, the petitions are reinstated, and the matters
are remitted to the Civil Court for further proceedings. 
Landlord commenced three owner's use proceedings against the tenants of three [*2]apartments in the same six-unit building seeking to gain possession
of the apartments in order to create two duplex apartments for landlord's two children and their
families. The three proceedings were transferred to the same Part of the Housing Court for joint
resolution. During the pendency of these proceedings, the Housing Stability and Tenant
Protection Act of 2019 (HSTPA) was enacted, which included changes to the owner's use
regulations. Specifically, Section 2 of Part I of the HSTPA modified Rent Stabilization Law of
1969 (Administrative Code of City of NY) § 26-511 (c) (9) (b) by imposing stricter
requirements for a landlord to be able to recover possession for the owner's use by limiting
recovery to one apartment and requiring the landlord to demonstrate "immediate and compelling
necessity." In each proceeding, tenant(s) moved to dismiss the petition based upon the new,
heightened standard. The Civil Court, in effect, consolidated the proceedings for the purposes of
disposing of tenants' respective motions. Landlord appeals, as limited by his brief, from so much
of a single order entered November 20, 2019, as granted each of tenants' motions and dismissed
the respective petitions (Karpen v Castro, 66 Misc 3d 362 [2019]). 
As the retroactive application of HSTPA Part I to pending cases is "preclude[d]" (Harris v Israel, 191 AD3d 468,
470 [2021]; see also Matter of Regina
Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d
332 [2020]), landlord's failure to meet the standards set forth in the amended statute is not a
basis to dismiss the petition in each of these proceedings. 
Accordingly, the order, insofar as appealed from, is reversed, tenants' motions to dismiss the
respective petitions are denied, the petitions are reinstated, and the matters are remitted to the
Civil Court for further proceedings. 
ALIOTTA, P.J., WESTON and BUGGS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 22, 2022