Fried v Galindo (2022 NY Slip Op 50452(U))

[*1]

Fried v Galindo

2022 NY Slip Op 50452(U) [75 Misc 3d 132(A)]

Decided on May 20, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 20, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, CHEREÉ A.
BUGGS, JJ

2019-1496 K C

Joel Fried, Appellant,
against
Carmen Galindo, Respondent, et al., Undertenants.

Wenig Saltiel, LLP (Dan M. Blumenthal of counsel), for appellant.
Communities Resist (Adam Meyers of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (David A.
Harris, J.), dated July 31, 2019. The order granted tenant's motion to dismiss the petition in a
holdover summary proceeding.

ORDERED that the order is reversed, without costs, tenant's motion to dismiss the petition is
denied, the petition is reinstated, and the matter is remitted to the Civil Court for further
proceedings. 
Landlord commenced this owner's use holdover proceeding against tenant to recover one of
two remaining occupied apartments in a six-unit building as part of a plan to gain possession of
all the apartments in order to create a single-family home for landlord's family.[FN1]
During the pendency of this proceeding, the Housing Stability and Tenant Protection Act of 2019
(HSTPA) was enacted, which included changes to the owner's use regulations. Specifically,
Section 2 of Part I of the HSTPA modified Rent Stabilization Law of 1969 (Administrative Code
of City of NY) § 26-511 (c) (9) (b) by imposing stricter requirements for a landlord to be
able to recover possession for the owner's use by limiting recovery to one apartment and
requiring the landlord to demonstrate "immediate and compelling necessity." Tenant moved to
dismiss the petition based upon the new, heightened standard. By notice of appeal dated August
20, 2019, landlord appeals from an order dated July 31, 2019 granting tenant's motion.
Subsequently, pursuant to an order dated December 19, 2019, an article 7-A administrator
(RPAPL art 7-A) was appointed for the management of the building. On appeal, tenant argues
that, due to the appointment of the [*2]administrator, landlord
lacks standing to prosecute this appeal. 
We find that the order appointing the article 7-A administrator does not prevent landlord
from prosecuting this appeal.
As the retroactive application of HSTPA Part I to pending cases is "preclude[d]" (Matter of Harris v Israel, 191 AD3d
468, 470 [2021]; see Matter of
Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35
NY3d 332 [2020]; Karpen v Castro, — Misc 3d —, 2022 NY Slip Op
50373[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]), landlord's failure to meet
the heightened standards set forth in the amended statute is not a basis to dismiss the petition.

Accordingly, the order is reversed, tenant's motion to dismiss the petition is denied, the
petition is reinstated, and the matter is remitted to the Civil Court for further proceedings.
ALIOTTA, P.J., WESTON and BUGGS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 20, 2022

Footnotes

Footnote 1: Fried v Lopez (—
Misc 3d —, 2022 NY Slip Op — [appeal No. 2019-1606 K C], decided herewith)
concerns landlord's holdover proceeding to recover the other apartment.