Anderson Ave. Assoc. LP v Services for the Underserved (2023 NY Slip Op 50474(U))

[*1]

Anderson Ave. Assoc. LP v Services for the Underserved

2023 NY Slip Op 50474(U)

Decided on May 16, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 16, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, Michael, JJ.

570521/22

Anderson Avenue Associates LP, Petitioner-Landlord-Respondent, 
against
Services for the Underserved, Respondent-Tenant, and Doreen Fuller, Respondent-Undertenant-Appellant, and "John Doe" and "Jane Doe," Respondents-Undertenants.

Respondent-undertenant Doreen Fuller appeals from a final judgment of the Civil Court of the City of New York, Bronx County (Bernadette G. Black, J.), entered August 29, 2019, after a nonjury trial, awarding possession to petitioner-landlord in a holdover summary proceeding, and from an order (same court and Judge), dated May 26, 2022, which denied her posttrial motion to vacate the final judgment and warrant of eviction.

Per Curiam.
Final judgment (Bernadette G. Black, J.), entered August 29, 2019, and order (Bernadette G. Black, J.), dated May 26, 2022, affirmed, without costs.
At the trial of this holdover proceeding regarding an alleged unregulated tenancy, the tenant of record, Services for the Underserved, appeared by counsel and informed the court that it was not contesting the petition. However, the undertenant, respondent Doreen Fuller (respondent), appeared by her guardian ad litem and opposed the petition. After the trial, the court awarded possession to petitioner, finding that "[r]espondents presented no viable defense." [*2]Respondent Fuller's subsequent motion to vacate the final judgment and warrant of eviction was denied.
Civil Court properly denied respondent's posttrial motion. Insofar as the motion was based upon a change in the law, which respondent contends now affords her rent stabilization protection, it was properly denied. The new provision of law relied upon, Part J of the Housing Stability and Tenant Protection Act of 2019 (HSTPA) (L 2019, ch 36, § 1, part J), enacted in June 2019, and which, the Legislature indicated, was to "take effect immediately," does not apply retroactively to proceedings pending at the time of its enactment, such as the instant one, commenced in February 2019 (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332 [2020]; Matter of Harris v Israel, 191 AD3d 468 [2021], lv dismissed 37 NY3d 1011 [2021]; see also Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577 [1998]).
Nor was respondent entitled to posttrial relief pursuant to CPLR 5015(a) (excusable default). There was no default by respondent, who appeared for trial with an appointed guardian ad litem, was sworn as a witness, testified on her own behalf and produced documents.
Respondent's present challenges to the holdover petition, raised for the first time on this appeal, are unpreserved and waived. Any such defenses were waived by the tenant of record when it did not contest the petition. Even assuming that respondent, an undertenant, had standing to raise these defenses, she twice waived them, first when she did not raise them at trial, and again when she did not raise them in her posttrial motion (see 433 W. Assoc. v Murdock, 276 AD2d 360 [2000]; see also Matter of 322 W. 47th St. HDFC v Loo, 153 AD3d 1143 [2017], lv dismissed 30 NY3d 1084 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 16, 2023