Matter of 4040 BA LLC v New York State Div. of Hous. & Community Renewal (2023 NY Slip Op 05674)

Matter of 4040 BA LLC v New York State Div. of Hous. & Community Renewal

2023 NY Slip Op 05674

Decided on November 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2023

Before: Manzanet-Daniels, J.P., Oing, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 814423/21 Appeal No. 1012 Case No. 2022-03186 

[*1]In the Matter of 4040 BA LLC, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent.

Horing Welikson Rosen & Digrugilliers, PC, Williston Park (Randi B. Gilbert of counsel), for appellant.
Letitia James, Attorney General, New York (Kwame N. Akosah of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered July 13, 2022, denying the petition to annul an order of respondent New York State Division of Housing and Community Renewal (DHCR), dated August 25, 2021, which denied petitioner's challenge to a December 18, 2019 order of the Rent Administrator which partially denied its application for a rent increase based on the installation of a major capital improvement (MCI), and seeking an order remitting the matter to DHCR to determine petitioner's MCI application applying the law and rules in effect prior to the effective date of the Housing Stability and Tenant Protection Act of 2019 (HSTPA), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DHCR rationally concluded that the amendments from HSTPA Part K should be applied when considering petitioner's MCI application. Part K's amendments were effective immediately and applied to any determination issued after the act's effective date (L 2019, ch 36, pt K, §§ 11, 18). On the effective date, there had been no determination issued on petitioner's MCI application. DHCR also rationally concluded that the bathroom and kitchen renovation work at issue did not qualify for MCI rent increases under the Part K amendments (see CPLR 7803(3); Administrative Code of the City of New York § 26-511.1(a)(2); Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 232 [1974]).
In this case, the application of the Part K amendments did not expand the scope of petitioner's liability based on prior conduct, or impair other rights petitioner possessed in the past (cf. Matter of Regina Metro Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 337 [2020]; Matter of Harris v Israel, 191 AD3d 468 [1st Dept 2021], lv dismissed 37 NY3d 1011 [2021]). When the HSTPA was enacted, petitioner had no vested right in a future MCI rent increase, or in the more beneficial pre-HSTPA law or regulations (see Matter of IG Second Generation Partners L.P. v New York State Div. of Hous. & Community Renewal, 10 NY3d 474, 482 [2008]; 300 Wadsworth LLC v New York State Div. of Hous. & Community Renewal, 210 AD3d 454 [1st Dept 2022]; Matter of Schutt v New York State Div. of Hous. & Community Renewal, 278 AD2d 58, 58 [1st Dept 2000]). Here, application of HSTPA Part K affected only the propriety of a prospective rent increase, that is, how much additional rent petitioner could charge after DHCR decided its MCI rent increase application. Application of the statute had no potentially problematic retroactive effect (Regina Metro., 35 NY3d at 365).
In the absence of evidence in the record addressing petitioner's individual financial circumstances, we find that DHCR rationally declined to find that petitioner would suffer prejudice or undue hardship due to the application of the amended provisions (see 9 NYCRR 2527.7, 2529.10; Matter [*2]of IG Second Generation Partners L.P., 10 NY3d 474, 482; Matter of Storch v New York State Div. of Hous. & Community Renewal, 56 AD3d 278, 279 [1st Dept 2008], lv denied 14 NY3d 704 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2023