St Nick's Alliance, LLC v Cordero (2024 NY Slip Op 24089)

[*1]

St Nick's Alliance, LLC v Cordero

2024 NY Slip Op 24089

Decided on March 20, 2024

Civil Court Of The City Of New York, Kings County

Bacdayan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on March 20, 2024
Civil Court of the City of New York, Kings County

St Nick's Alliance, LLC, Petitioner,

against
Carlos M. Cordero, Jr., JOHN DOE, JANE DOE, Respondents.

Index No. LT-319605-22

Borah, Goldstein, Altschuler, Nahins & Goidel P.C. (Gregg Kurlander, Esq.), for the petitioner
Carlos M. Cordero, Jr., respondent pro se

Karen May Bacdayan, J.

Recitation, as required by CPLR 2219 (a) of the papers considered in review of this motion by NYSCEF Doc Nos.: 19-39.
PROCEDURAL POSTURE AND ARGUMENTS
This is a licensee holdover proceeding commenced by petitioner against Carlos M. Cordero, Jr. ("respondent"), after the death of Janet Morales ("Morales") who is described in the petition as the authorized licensee of the subject premises. (NYSCEF Doc No. 1, petition at ¶¶ 2-3.) Prior to commencing the instant proceeding, petitioner served respondent with a ten (10) day notice of termination of license and/or notice to quit, whereby petitioner asserted Morales had passed away and that "[a]t best, [respondent] was a licensee of Morales and his license expired upon Morales' death." (NYSCEF Doc No. 1 at 7-8, notice of termination/notice to quit.) The predicate notice also states petitioner is "a not-for-profit organization which provides supportive housing," that petitioner "is the rent-stabilized tenant in legal possession of the apartment," that "[petitioner] subleases and/or licenses the apartment to participants in its program," and that "[t]he occupants do not have rent stabilization rights . . . ." (Id.; see also petition at ¶ 8.)
The proceeding was first noticed to be heard on October 11, 2022. The Legal Aid Society ("LAS") filed a notice of appearance for respondent on the November 14, 2022 adjournment date; the court adjourned the proceeding "[o]ver [p]etitioner's strenuous objections" to December 14, 2022, for respondent to file an answer or any motions. (NYSCEF Doc No. 6, November 14, 2022 decision/order.) Respondent's attorney filed an answer on December 14, 2022, which [*2]asserted four objections in law (improper service of the notice of petition and petition [FN1]
; defective predicate notice; failure to state a cause of action; and lack of legal capacity to bring proceeding) and four affirmative defenses (succession rights; entitlement to reasonable accommodation, "which may include, but is not limited to, a stay of the warrant of eviction until [r]espondent is able to obtain a suitable apartment necessary to support his disabilities"; retaliatory eviction; and breach of the warranty of habitability). (NYSCEF Doc No. 7, answer.) On December 14, 2022, the court administratively stayed the proceeding due to respondent's then-pending Emergency Rental Assistance Program ("ERAP") application.
After the parties consented to granting petitioner's motion to vacate the ERAP stay on July 5, 2023, respondent filed a motion on October 7, 2023, seeking either dismissal pursuant to CPLR 3211 [a] [7], or summary judgment on respondent's defense that petitioner failed to state the facts upon which the proceeding is based pursuant to Real Property Actions and Proceedings Law ("RPAPL") § 741. (NYSCEF Doc No. 19, notice of motion [sequence 2].) Respondent argues that pursuant to Part J of the Housing Stability and Tenant Protection Act of 2019 ("HSTPA") and Rent Stabilization Code ("RSC") (9 NYCRR) § 2520.11 (f), Morales was herself a rent-stabilized tenant of the subject premises because she was an "affiliated subtenant[] authorized to use [the subject premises] by [petitioner]." (NYSCEF Doc No. 20, respondent's attorney's affirmation ¶¶ 24, 27-28, 30-41.) Therefore, respondent contends, petitioner's failure to properly describe Morales as a rent-stabilized tenant "is a material misrepresentation of fact which is central to informing [respondent] of his rights in this proceeding," as respondent has a claim for succession rights to the subject premises, and this type of "fundamental misstatement" warrants dismissal of the proceeding. (Id. ¶¶ 42-45.)
On December 1, 2023, petitioner cross-moved to strike respondent's defenses, for summary judgment and to order respondent to pay use and occupancy pendente lite. (NYSCEF Doc No. 28, notice of cross-motion [sequence 3].) Attached to petitioner's moving papers are, inter alia, a lease agreement between petitioner as corporate tenant and JLNT Realty LLC as the landlord, and an "admission agreement" between St. Nicholas NPC SSHP and Morales, signed by the parties on July 29, 2011. (NYSCEF Doc No. 23, petitioner's exhibit C, lease agreement; NYSCEF Doc No. 25, petitioner's exhibit E, admission agreement.) In opposition to the motion to dismiss, petitioner argues Morales was never a rent-stabilized tenant, but rather always maintained her status as petitioner's licensee of the subject premises, because RSC 2520.11 (f) explicitly exempts from rent regulation "housing accommodations owned, operated, or leased or rented pursuant to governmental funding, by . . . any institution operated exclusively for charitable . . . purposes on a nonprofit basis, and occupied by a tenant whose initial occupancy is contingent upon an affiliation with such institution . . . ." (NYSCEF Doc No. 31, petitioner's mem of law at 5.)[FN2]
Petitioner further argues that "[i]t is well documented that the legislature's [*3]intent in implementing Part J of the HSTPA was to alleviate the issue of a corporate tenant's inability to primarily reside in the apartment thereby making it vulnerable to a non-primary residence proceeding by a lessor/owner. By legislating that the occupant in a scatter site program be recognized as an identifiable 'tenant' (rather than a licensee) the legislature's intent was to preserve the use of apartments in New York City by scatter site programs such as [p]etitioner's, and by designating a 'tenant' in possession, thereby protecting the corporate tenant from being evicted on a nonprimary residence claim." (Id. at 7.) Petitioner posits that "should the Court afford [r]espondent—a non-affiliated, unauthorized occupant of the apartment—rent stabilized tenancy rights, the Court would jeopardize not only this [p]etitioner's use of the apartment by affiliated program participants but would ultimately put every apartment rented by a not-for-profit in jeopardy of losing the intended use, and to boot would create an unintended co-tenancy between the corporate tenant and occupant," which was not the legislative intent. (Id.)[FN3]

Petitioner argues respondent's answer should be stricken because respondent previously waived personal jurisdiction defenses; petitioner is permitted to plead alternative theories in the predicate notice; petitioner properly stated a cause of action; petitioner is permitted under RPAPL 721 to commence the proceeding as lessor of the subject premises; petitioner has no duty to provide respondent a reasonable accommodation; respondent has no standing to assert the defense of a retaliatory eviction because he is an unauthorized occupant; and respondent's lack of obligation to pay rent precludes him from asserting a defense of breach of the warranty of habitability. (Id. at 10-13.)
On February 7, 2024, LAS filed an order to show cause to be relieved as respondent's counsel. On the February 16, 2024 return date of the order to show cause, the court adjourned the proceeding to February 22, 2024, for LAS to serve respondent with a copy of the signed order to show cause, as well as a copy of the February 16, 2024 decision/order. (NYSCEF Doc No. 46, February 16, 2024 decision/order.) On February 22, 2024, the court granted LAS's request and relieved them as respondent's counsel. The court adjourned the proceeding to March 8, 2024, for disposition of the parties' respective motions, and directed LAS to serve a copy of the February 22, 2024 decision/order on respondent by first-class mail on or before March 1, 2024. (NYSCEF Doc No. 48, February 22, 2024 decision/order.) LAS filed an affirmation of service, attesting to serving respondent with the February 22, 2024 decision/order by first-class mail on February 23, 2024. (NYSCEF Doc No. 49, affirmation of service.)
Petitioner appeared on the March 8, 2024 adjournment date. Respondent failed to appear on that date and the court reserved decision on both motions. This motion is decided upon respondent's [*4]default.

DISCUSSION
Respondent's Motion to Dismiss and, In the Alternative, Summary Judgment
The law in the Second Judicial Department informs this court to find that respondent is the licensee of the former authorized occupant/licensee/subtenant and, therefore, cannot be a successor rent stabilized tenant. Neither Part J of the HSTPA nor RSC 2520.11 (f) changes this analysis. Respondent argues that Morales, who was in possession pursuant to an admission agreement, was "a tenant in possession of the subject premises for nearly three years after the effective date of Part J of the HSTPA (emphasis added)[.]" (NYSCEF Doc No. 20, respondent's attorney's affirmation ¶ 18; RSC 2520.11 [f].) Accordingly, respondent moved to dismiss on the basis that the petition contains a material misstatement of fact because Morales was a rent-stabilized tenant, and respondent is her nontraditional family member successor entitled to the same benefits and obligations of Morales' rent-stabilized tenancy.
In Sapp v Clark Wilson, Inc., 206 AD3d 1014 (2d Dept 2022), cited by petitioner but not by respondent, the subject rent-stabilized premises were leased to, and by, corporate transitional housing providers for a "legally cognizable reason," to wit, the provision of transitional housing to formerly homeless individuals and families in accordance with the terms of a program run by the City, and, thus, the corporations were not "illusory tenants" making the transitional housing occupants the actual rent-stabilized tenants. (Sapp, 206 AD3d at 1018.) Here, respondent does not argue an illusory tenancy in petitioner, the primary tenant of record; nor would such an argument lie. (Id.)[FN4]

Respondent argues that by the plain language of the amendments, "apartments rented by nonprofit organizations and sub-leased to individuals who receive their services are not exempt from rent stabilization and 'affiliated subtenants authorized to use such accommodations by such not-for-profit shall be deemed to be tenants (emphasis added).'" (NYSCEF Doc No. 20, respondent's attorney's affirmation ¶ 31 [internal citation omitted].) However, the court finds Morales was a "tenant" in name only pursuant to Part J of the HSTPA. Respondent's argument that Morales is a rent-stabilized tenant to whose tenancy he is entitled to succeed as a nontraditional family member is erroneous and even more attenuated than the argument made by the "tenants" in Sapp.[FN5]
Even if Morales were not an "authorized licensee" but a subtenant, respondent is not entitled to rent-stabilized succession rights. At best, Morales, who was not authorized pursuant to Morales' admissions agreement, was a subtenant, and, even then, the ultimate result herein does not change. Respondent's defense of succession to a mere licensee is [*5]a nonstarter. Therefore, respondent's motion is denied.[FN6]

Petitioner's Motion for Summary Judgment
A court may employ the drastic remedy of summary judgment only where "there is no doubt as to the absence of triable issues." (Andre v Pomeroy, 35 NY2d 361, 364 [1974] [internal citation omitted].) On such a motion, a court's function is to find, rather than to decide, issues of fact. (Southbridge Towers, Inc. v Renda, 21 Misc 3d 1138 [A], 2008 NY Slip Op 52418 [U], *2 [Civ Ct, New York County 2008], citing Epstein v Scally, 99 AD2d 713 [1st Dept 1984].) The facts must be considered "in the light most favorable to the non-moving party." (Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 339 [2011].) Only upon a prima facie showing of entitlement to summary judgment, does the burden shift to the non-moving party to establish material issues of fact requiring a trial. (Vega v Restani Const. Corp., 18 NY3d 499, 503 [2012] [internal citations and quotation marks omitted].) "The moving party's [f]ailure to make [a] prima facie showing [of entitlement to summary judgment] requires a denial of the motion, regardless of the sufficiency of the opposing papers (emphasis in original)." (Id. at 503 [internal citations and quotation marks omitted.]) Motions may be decided on default for failure to submit opposition so long as the court specifically treats the failure to oppose the motion as a default. (Liberty Community Assocs., LP v DeClemente, 139 AD3d 532 [1st Dept 2016]; Matter of 144 Stuyvesant, LLC v Goncalves, 119 AD3d 695 [2d Dept 2014].)
Petitioner's motion is unopposed, and this decision and order is issued on respondent's default. For the reasons stated in petitioner's moving papers and as set forth in this court's discussion, supra, petitioner's motion is granted in its entirety.
CONCLUSION
Accordingly, it is
ORDERED that respondent's motion is DENIED in its entirety; and it is further
ORDERED that petitioner's cross-motion for summary judgment is GRANTED; and it is further
ORDERED that petitioner's motion for use and occupancy pendente lite is DENIED as academic; and it is further
ORDERED that a judgment of possession shall enter immediately as to Carlos M. Cordero, Jr.; and it is further
ORDERED that the motion is denied as to John Doe and Jane Doe, as petitioner has failed to establish that they are an individual who resides in the apartment, or to demonstrate diligent efforts to ascertain their identities and has not adequately described them. (Wilmington Trust, N.A. v Shasho, 197 AD3d 534, 536 [2d Dept 2021]; Bumpus v New York City Tr. Auth., 66 AD3d 26, 29-30 [2d Dept 2009]; Lebowitz v Fieldston Travel Bureau, Inc., 181 AD2d 481 [1st Dept 1992]; and it is further
ORDERED that the warrant of eviction shall issue forthwith only as to Carlos M. Cordero, Jr., and may be executed without a stay; and it is further
ORDERED that petitioner shall serve and file a copy of this decision and order, with [*6]notice of entry by regular mail, upon respondent and file proof of service of same on NYSCEF; and it is further
ORDERED that the earliest execution date ("EED") is March 12, 2024. This means that the petitioner shall not cause service of a marshal's notice until on or after the EED date; and it is further
ORDERED that because of the representations by respondent's prior attorneys regarding respondent 
Carlos M. Cordero, Jr.'s health, Adult Protective Services shall be notified prior to execution of the warrant.
This constitutes the decision and order of this court.
Dated: March 20, 2024
Brooklyn, NY
HON. KAREN MAY BACDAYAN
Judge, Housing Part

Footnotes

Footnote 1:Respondent waived any personal jurisdiction defenses pursuant to the July 19, 2023 stipulation of adjournment. NYSCEF Doc No. 18.

Footnote 2:Petitioner cites to the former version of RSC 2520.11 (f). The amended version, effective November 8, 2023, allows for "permanent housing accommodations with government contracted services, as of and after June 14, 2019, occupied by vulnerable individuals or individuals with disabilities who are or were homeless or at risk of homelessness," to be subject to rent stabilization. The amended regulation concludes by stating that "[f]or the purposes of this subdivision (and subdivision 2520.11(k)) such vulnerable individuals or individuals with disabilities as described herein shall be considered to be tenants (emphasis added)[.]" Id. RSC 2520.11 (k) , in turn, exempts from rent stabilization "housing accommodations which are not occupied by the tenant, not including subtenants or occupants, as his or her primary residence as determined by a court of competent jurisdiction . . . ."

Footnote 3:The admissions agreement under which Morales took occupancy, restricted use of the premises to affiliated residents and provides that no one else is "authorized to live in the apartment and the apartment is not to be used by friends or relatives as a place of residence." (Id. at 8, NYSCEF Doc No. 37, petitioner's exhibit F, admissions agreement.)
Footnote 4:The court notes that the proceeding in Sapp was commenced prior to the passage of the HSTPA and it has since been held that Part J thereof does not apply retroactively. Anderson Ave. Assocs. LP v Servs. for Underserved, 78 Misc 3d 136 (A), 2023 NY Slip Op 50474 (U), *2 (App Term, 1st Dept 2023). Nevertheless, Sapp instructs that the protections of the rent stabilization laws do not extend to subtenants/licensees in scatter-site housing.

Footnote 5:Part J governs housing accommodations rented to non-profits for said non-profits to provide permanent housing to individuals who are or were homeless or at risk of homelessness. In Sapp, the Appellate Division, Second Department held that Part J applied to the corporate defendant who provided transitional, rather than permanent, housing.

Footnote 6:The court takes judicial notice of the fact that the most recent amendments to the HSTPA do not include any amendment to Part J. Presumably cognizant of judicial decisions, the legislature has not seen fit to correct any unintended judicial interpretations of the statute 
to wit