Matter of Karpen v Andrade (2025 NY Slip Op 03719)

Matter of Karpen v Andrade

2025 NY Slip Op 03719

Decided on June 18, 2025

Appellate Division, Second Department

Ford, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-00714
 (Index Nos. 87287/17, 87288/17, 87730/18)

[*1]In the Matter of Shlomo Karpen, respondent,
v
Julio Andrade, appellant. (Proceeding No. 1) In the Matter of Shlomo Karpen, respondent, Manuel Castro, et al., appellants. (Proceeding No. 2) In the Matter of Shlomo Karpen, respondent, Juan Pablo Arevalo, et al., appellants. (Proceeding No. 3)

APPEAL by Julio Andrade, Manuel Castro, Miriam Andrade, Juan Pablo Arevalo, and Guadalupe Romero, by permission, in three related holdover proceedings, from an order of the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts, dated April 22, 2022. The order reversed so much of an order of the Civil Court of the City of New York (Kevin C. McClanahan, J.), dated November 20, 2019, and entered in Kings County, as granted the separate motions of Julio Andrade, Manuel Castro and Miriam Andrade, and Juan Pablo Arevalo and Guadalupe Romero to dismiss the petitions asserted against each of them, and thereupon denied those motions and remitted the matters to Civil Court of the City of New York, Kings County, for further proceedings.

Communities Resist, Brooklyn, NY (Adam Meyers and Erin Henegan of counsel), for appellants.
Wenig Saltiel LLP, New York, NY (Meryl L. Wenig and Dan M. Blumenthal of counsel), for respondent.

FORD, J.

OPINION & ORDER
The Rent Stabilization Law of 1969 (Administrative Code of the City of NY § 26-501 et seq.) generally prohibits landlords from refusing to renew a lease, with certain exceptions, including the "personal use" exception (id. § 26-511[c][9][b]). The issue raised on this appeal, apparently one of first impression for an Appellate Division in this State, is whether a provision of the Housing Stability and Tenant Protection Act of 2019 (hereinafter HSTPA) (L 2019, ch 36, § 1) limiting the "personal use" exception applies to eviction proceedings that were pending as of the date of HSTPA's enactment. For the reasons set forth below, we find that the subject provision is applicable to such proceedings where the landlord had not yet obtained a judgment of possession when HSTPA took effect. Accordingly, we conclude that the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts improperly reversed so much of an order of the Civil Court of the City of New York, Kings County, as granted the separate motions of Julio [*2]Andrade, Manuel Castro and Miriam Andrade, and the Juan Pablo Arevalo and Guadalupe Romero (hereinafter collectively the respondents) to dismiss the petitions asserted against each of them.
I. The Commencement of the Proceedings
The petitioner is the owner of a six-unit rental apartment building (hereinafter the building) known as 157 Lorimer Street located in Brooklyn. The building has three floors with two units on each floor. It is undisputed that the building is subject to applicable provisions of the Rent Stabilization Law of 1969.
In 2017 and 2018, the petitioner served combined notices of non-renewal and notices of termination of tenancy (hereinafter the notices) upon the respondents, who are tenants of three of the units in the building. The petitioner served the notices upon the respondents because he sought to convert the building into a two-family home, with the four units on the second and third floors to be combined to form one unit and two units on the first floor and part of the basement to be combined to form another unit.
The petitioner then commenced holdover proceedings in the Civil Court against the respondent Julio Andrade, the respondents Manuel Castro and Miriam Andrade, and the respondents Juan Pablo Arevalo and Guadalupe Romero, respectively. The proceedings were joined for trial on consent.
II. The Enactment of HSTPA
On June 14, 2019, during the pendency of these proceedings, the legislature enacted HSTPA (L 2019, ch 36). HSTPA has been described as "'landmark legislation making sweeping changes to the rent laws and adding greater protections for tenants throughout the State'" (Cohen v Abruzzo, 228 AD3d 724, 725, quoting Dugan v London Terrace Gardens, LP, 186 AD3d 12, 17-18, and citing Senate Introducer's Mem in Support, Bill Jacket, L 2019, ch 36 at 15-16). Prior to the enactment of HSTPA, the Rent Stabilization Law of 1969 (Administrative Code former § 26-511[c][9] [former (b)]) contained a "personal use" exception which allowed a landlord to refuse to renew a lease in order to "recover possession of one or more dwelling units for his or her own personal use and occupancy as his or her primary residence . . . and/or for the use and occupancy of a member of his or her immediate family as [their] primary residence." HSTPA amended this provision to impose more stringent requirements for a landlord to take possession of an apartment for the landlord's personal use. First, the amended provision now limits a landlord to recovery of only one apartment for personal or family use (see Administrative Code § 26-511[c][9][b]). Second, the amended provision now requires the landlord to demonstrate "immediate and compelling necessity" (id.). The amended provision reads, as relevant:
"(9) . . . an owner shall not refuse to renew a lease except: . . .
"(b) where he or she seeks to recover possession of one dwelling unit because of immediate and compelling necessity for his or her own personal use and occupancy as his or her primary residence or for the use and occupancy of a member of his or her immediate family as his or her primary residence" (id.).
Section 5 of part I of HSTPA (L 2019, ch 36, § 1, part I, § 5) addresses the effective date of the amendments, providing:
"This act shall take effect immediately and shall apply to any tenant in possession at or after the time it takes effect, regardless of whether the landlord's application for an order, refusal to renew a lease or refusal to extend or renew a tenancy took place before this act shall have taken effect."
III. Post-HSTPA Motion Practice
After the enactment of HSTPA, Julio Andrade, Castro and Miriam Andrade, and Arevalo and Romero separately moved to dismiss the petitions asserted against each of them, contending that, pursuant to HSTPA, the petitioner did not allege any facts showing an immediate and compelling necessity to recover possession of the apartments, and, in any event, the petitioner's stated intention to recover multiple apartments was not permitted under HSTPA. The respondents further contended that the language of HSTPA was clear that HSTPA was intended to apply to proceedings that were pending on the date of its enactment. The petitioner opposed the separate motions, contending, inter alia, that the subject provision of HSTPA was unconstitutional and violated his right to due process.
In an order dated November 20, 2019, the Civil Court granted the separate motions, concluding, among other things, that HSTPA applied to the proceedings and that the amended [*3]provision did not violate the petitioner's due process rights.
IV. Appellate Term Appeal
The petitioner appealed to the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts. By order dated April 22, 2022, the Appellate Term reversed the order of the Civil Court, denied the respondents' separate motions to dismiss the petitions against each of them, and remitted the matters to the Civil Court for further proceedings. The Appellate Term relied on Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal (35 NY3d 332), a Court of Appeals case which determined that an HSTPA provision as to rent overcharge calculations could not be applied retroactively, and Matter of Harris v Israel (191 AD3d 468), a case decided by the Appellate Division, First Department, which held that HSTPA provisions limiting the personal-use exception were inapplicable to a proceeding in which the landlord already had obtained a judgment of possession. The Appellate Term determined that a retroactive application of HSTPA to these proceedings was precluded. This appeal ensued.
V. Analysis
The respondents correctly contend that the Appellate Term erred in determining that the subject provision of HSTPA was being applied retroactively to the petitioner in the first instance. "A statute has retroactive effect if 'it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed,' thus impacting 'substantive' rights" (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d at 365, quoting Landgraf v USI Film Products, 511 US 244, 278-280). "On the other hand, a statute that affects only 'the propriety of prospective relief' or the nonsubstantive provisions governing the procedure for adjudication of a claim going forward has no potentially problematic retroactive effect even when the liability arises from past conduct" (id., quoting Landgraf v USI Film Products, 511 US at 273).
As of the date of the enactment of HSTPA, the petitioner had not yet obtained judgments of possession of the respondents' respective apartments. The application of the subject provision of HSTPA, under these circumstances, does not expand the scope of the petitioner's liability based on prior conduct, nor impair other rights the petitioner possessed in the past (see Matter of 4040 BA LLC v New York State Div. of Hous. & Community Renewal, 221 AD3d 440, 440-441; cf. Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d at 337; Matter of Harris v Israel, 191 AD3d 468). When HSTPA was enacted, the petitioner had no vested right to recover any units in the building for personal use (see Matter of IG Second Generation Partners L.P. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 10 NY3d 474, 482; Matter of 4040 BA LLC v New York State Div. of Hous. & Community Renewal, 221 AD3d at 440-441; 300 Wadsworth LLC v New York State Div. of Hous. & Community Renewal, 210 AD3d 454; Matter of Schutt v New York State Div. of Hous. & Community Renewal, 278 AD2d 58, 58). Thus, application of HSTPA here has no potentially problematic retroactive effect (see Matter of 101 E. 16th St. Realty LLC v New York State Div. of Hous. & Community Renewal, 226 AD3d 494; Matter of 4040 BA LLC v New York State Div. of Hous. & Community Renewal, 221 AD3d at 440-441).
HSTPA unequivocally states that the subject amendments to the Rent Stabilization Law of 1969 applied to matters pending as of the date of HSTPA's enactment (L 2019, ch 36, § 1, part I, § 5). As there is no potentially problematic retroactive effect to the amended provision in this matter, and it is undisputed that the petitioner is not entitled to the relief sought pursuant to the amended provision, the respondents were entitled to dismissal of the respective petitions pursuant to CPLR 3211(a)(7) (see Administrative Code § 26-511[c][9][b]; see also Matter of 4040 BA LLC v New York State Div. of Hous. & Community Renewal, 221 AD3d at 440-441).
VI. Conclusion
Accordingly, the order dated April 22, 2022, is reversed, on the law, and so much of the order dated November 20, 2019, as granted the separate motions of Julio Andrade, Castro and Miriam Andrade, and Arevalo and Romero to dismiss the petitions asserted against each of them is affirmed.
In light of our determination, we do not reach the respondents' remaining contentions.
LASALLE, P.J., VOUTSINAS and GOLIA, JJ., concur.
ORDERED that the order dated April 22, 2022, is reversed, on the law, with costs, and so much of the order dated November 20, 2019, as granted the separate motions of Julio [*4]Andrade, Manuel Castro and Miriam Andrade, and Juan Pablo Arevalo and Guadalupe Romero to dismiss the petition insofar as asserted against each of them is affirmed.
ENTER:
Darrell M. Joseph
Clerk of the Court